**Roy L. HOFF and Mary J. Hoff, his wife, Respondents,**

v.

**Elmer A. SANDER, Appellant.**

**No. 34935.**

Missouri Court of Appeals, St. Louis District.

July 10, 1973.

Thomas, Busse, Cullen, Clooney, Weil & Ottsen, St. Louis, for respondents.

Thomas M. Gioia, St. Louis, for appellant.

PER CURIAM:

Suit in equity by lessees to rescind a lease on ground of mutual mistake of fact when lessees found that because of zoning restrictions the land could not be used for the purposes intended. Plaintiff also sought to recover money spent for improvements and defendant counterclaimed for damages for abandonment and waste. The trial court decreed the lease rescinded and gave plaintiffs judgment for $4,288.47, denying defendant's counterclaim. Defendant appeals from the judgment but does not challenge the denial of his counterclaim.

Defendant Elmer L. Sander owned and advertised for lease a "farm estate, 10 room residence, lodge, large pool, stables on 5 acres, park like surroundings." Plaintiffs Roy and Mary Hoff inspected the premises with Mr. Sander and told him they intended to use it as a home and for housing dogs and horses. Mr. Sander prepared and the parties signed a three-year lease at $580 monthly rental. The Hoff's paid the first month's rent and $1,000 for a "guarantee surety deposit." The lease provided under the heading Use of Premises "for no other purpose or business than that of home and facilities for horses, dogs and other pets . . ." Plaintiffs had previously asked defendant about the necessity of a permit for grooming dogs and defendant replied the premises was non-urban and "nothing would be required." Unknown then to all parties, St. Louis County zoning ordinances did prohibit use of the premises for boarding horses and dogs.

The Hoffs took possession and began remodeling, changed the entrance sign to read "Kennels and Stables," and began boarding horses and dogs. Then a St. Louis County Zoning Enforcement officer informed the Hoffs permits were necessary for that combined use. Later he forbade such use of the premises and ordered the Hoffs to desist in view of ordinances prohibiting such use on a tract of less than six acres. As said, neither party had actual knowledge of that restriction. After un-successful efforts to get special-use permits the Hoffs vacated the premises, returned the keys to Mr. Sander and this lawsuit followed.

In granting rescission the trial court found that because of the zoning ordinances it was impossible to perform the lease but that in entering the lease neither party was aware of the zoning restrictions.

Plaintiffs base their claim for rescission on mutual mistake, that is, neither party knew defendant's premises could not lawfully be used for plaintiffs' purposes. That contention is supported by the evidence insofar as plaintiffs' claim of mistake pertains to the parties' actual knowledge of permissible use. We must, however, deal not only with actual knowledge but also with constructive knowledge. If the plaintiffs are to be charged with constructive knowledge that zoning restrictions prohibited the intended use, then of course there was no mistake.

Contracting parties are presumed to know the law and have it in mind when drafting their agreement. Twiehaus v. Rosner, 362 Mo. 949, 245 S.W.2d 107 [4] (1952); Dill v. Poindexter Tile Co., 451 S.W.2d 365 [19] (Mo.App.1970). A rationale of this principle is found in Hartley Realty Company v. Casady, 332 S.W.2d 291 [4] (Mo.App.1960): "Of course, the presumption that everyone knows the law is one of necessity and is as old as the law itself, and has recognition in the jurisprudence of all civilized countries. Orderly government could not exist if everyone at will could interpose his ignorance of the law in defense when the enforcement of his contract is sought in the courts. The presumption that everyone knows the law is necessary not because all persons do know the law, but because it would be a defense which everyone could raise and which it would be impossible to disprove."

We applied this principle in Sachs Steel & Supply Co. v. St. Louis Auto Parts & Salvage Co., 322 S.W.2d 183 [2-6] (Mo. App.1959). There the parties entered a

lease of city lots permitting the lessee to conduct "any business" and the lessee began operating a used car lot. Unknown to the lessee the lots were zoned for residential use and lessee could not get authority for the intended use. Lessee then sought to avoid the lease on the ground of mistake. In denying lessee's contention the court said (omitting citations): "There is a conclusive presumption that Salvage-lessee, the party claiming ignorance and asserting the right to be informed, knew of the restrictions imposed by the zoning ordinances. All persons who contract with reference to a subject-matter within the limits of a municipality as to which there are police regulations are charged with knowledge of and are presumed to know the provisions of the regulations and to have entered into such contracts with reference thereto . . . A party to a transaction must be conclusively presumed to have known the relevant law . . . This presumption is fully applicable to parties to a lease of property the use of which is restricted by zoning ordinances . . . Salvage-lessee's ignorance of the zoning ordinance did not excuse it from liability, invalidate the lease, entitle Salvage-lessee to abandon it, or affect the rights of the parties as between themselves . . . In such cases the lessee is held to have executed the lease with an awareness of existing law and to have assumed the risk of refusal."

 *Sachs* was cited and approved in Lazare v. Hoffman, 444 S.W.2d 446 [1] (Mo.1969), the court saying: "It is well established that 'All persons who contract with reference to a subject-matter within the limits of a municipality as to which there are police regulations [such as zoning ordinances] are charged with knowledge of and are presumed to know the provisions of the regulations and to have entered into such contracts with reference thereto, . . . and such provisions become an integral part of the contract.'"

 To summarize: The alleged mutual mistake was that each party mistakenly be-

lieved the premises could lawfully be used for housing horses and dogs. In the eyes of the law plaintiffs did know of the zoning restrictions and are therefore precluded from contending they, or defendant, were mistaken about the permissible use of the premises. The trial court erred in ordering rescission and damages and the decree for plaintiffs must be reversed.

Since defendant does not challenge the dismissal of his counterclaim that part of the judgment is affirmed.

The decree in favor of plaintiffs on their petition is reversed and the judgment against defendant on his counterclaim is affirmed.

DOWD, C. J., and WEIER and Mc-MILLIAN, JJ., concur.

CLEMENS, J., not participating.