Larry D. STEELMAN,
Plaintiff–Respondent,

v.

Dennis HOLFORD and Rodger Friedly,
Defendants–Respondents.

HOME MUTUAL INSURANCE COMPA-
NY, Plaintiff–Appellant,

v.

Larry Dee STEELMAN, Dennis Holford
and Rodger Friedly,
Defendants–Respondents.

No. 15663.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 14, 1989.

David L. Steelman, Salem, for plaintiff-respondent Steelman.

Ronald J. Prenger, Hyder, Prenger, Bratten & Neff, Jefferson City, for defendant-respondent Holford.

Albert Crump, Jr., Williams & Crump, Rolla, for plaintiff-appellant Home Mut.

GREENE, Judge.

Home Mutual Insurance Company (Home Mutual) appeals from a trial court judgment declaring it had a legal obligation to defend a suit for damages brought by Larry Steelman against Home Mutual's insured, Dennis Holford, and to provide Holford liability coverage within the limits of

its policy of insurance issued to him. Steelman's suit alleged that he suffered personal injury and damage by reason of having been shot by either Holford or Holford's companion, Rodger Friedly. Steelman further alleged that his injury was directly caused by Holford's and Friedly's carelessness and negligence in randomly shooting a firearm in the vicinity of a tractor trailer truck being driven by Steelman, at which time a bullet entered the cab of the truck and struck him in the leg.

In its brief filed here, Home Mutual claims the trial court's judgment was based on erroneous applications of law, which contention, if true, mandates reversal. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Since such contention is not supported by either fact or law, we affirm.

The legal background of the case is as follows. In his personal injury suit, Steelman alleged that his injuries were caused by the negligence of Holford and Friedly because they (1) discharged firearms at random on, along, or across a public highway, (2) shot into the tractor trailer truck driven by Steelman, (3) possessed or discharged firearms while intoxicated, and, that by reason of Holford's and Friedly's negligent acts specified in (1), (2), and (3), Steelman was struck by a bullet in his right leg, below the knee.

Following the filing of Steelman's lawsuit, Home Mutual filed a petition for declaratory judgment which sought a court declaration as to whether Holford had policy coverage "with respect to the accident and personal injury referred [to] in Defendant Larry Steelman's petition...." It was Home Mutual's position that two exclusionary clauses in its policy of insurance issued to Holford barred coverage. The exclusions were that medical payments to others do not apply to bodily injury or property damage when the claimant's injury by the insured had either been expected or intended by the insured, or if the act causing the injury arose out of the ownership, maintenance, or use of a motor vehicle owned or operated by the insured. The declaratory judgment suit was consolidated with the personal injury action, after which the trial court ordered a separate trial on the issues presented in the declaratory judgment suit.

By agreement of the parties, and with the consent of the court, the evidence was limited to six exhibits, plus depositions of Friedly, Holford and Steelman. The exhibits were Holford's homeowners insurance policy, Steelman's petition for damages, a handwritten statement given by Holford, copies of docket sheets, and felony complaint charges against Holford and Friedly that showed both had entered pleas of guilty to class D felony charges of assault in the second degree in that they had "recklessly caused serious physical injury to Larry Steelman, by shooting him with a .30 caliber rifle."

Following consideration of the evidence, the trial court made findings of fact and conclusions of law, and entered judgment. The findings of fact are not challenged here by Home Mutual and read as follows:

1. That the plaintiff is a mutual insurance company with its principal office in Appleton, Wisconsin and is authorized to do business in the State of Missouri.

2. That the defendant Dennis Holford is a resident of Cole County, Missouri.

3. That the defendant Rodger Friedly is a resident of Monroe County, Missouri.

4. That the defendant Larry Dee Steelman has instituted suit in the Circuit Court of Dent County, Missouri, which said suit was subsequently transferred to the Circuit Court of Phelps County, Missouri, upon a change of venue and is entitled 'Larry D. Steelman, Plaintiff, vs. Dennis Holford and Rodger Friedly, Defendants, Case No. CV386–111CC'.

5. That the petition of defendant Larry Dee Steelman alleges negligence and carelessness on the part of defendants Dennis Holford and Rodger Friedly in that they were driving while intoxicated; discharged firearms while driving and that Larry Dee Steelman was injured by such actions.

6. That the plaintiff Home Mutual Insurance Company issued a homeowner's

policy bearing policy number H 140–78–74 in which the defendant Dennis L. Holford was shown as the name insured.

7. That plaintiff's policy of insurance provides for payment for damages of bodily injury and property damage to the limit of liability and for defense of suit filed against the insured for such damage caused by the activities of any insured.

8. Plaintiff's policy of insurance provides for certain exclusions to medical payments for bodily injury or property damage:

(a) Which is expected or intended by the insured; ...

(e) Arising out of the ownership, maintenance, use, loading or unloading of: ...

(2) A motor vehicle owned or operated by, or rented or loaned to any insured;

9. That defendant Larry Dee Steelman does not know whether defendant Dennis Holford or defendant Rodger Friedly shot him.

10. That on the 7th day of October, 1983, the defendant Dennis Holford entered a plea of guilty pursuant to a plea bargain to the offense of the Class D felony of assault in the second degree as set out in Case No. CR483–105FX in the Circuit Court of Dent County, Missouri, in which case the defendant Dennis Holford was charged as follows:

'The Prosecuting Attorney of the County of Dent, State of Missouri, charges that the defendant, in violation of Section 565.060 RSMo., committed the Class D felony of assault in the second degree, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that on or about March 2, 1983, in the County of Dent, State of Missouri, the defendant recklessly caused serious physical injury to Larry Steelman, by shooting him with a .30 caliber rifle.'

11. That on the 25th day of August, 1983, the defendant Rodger Friedly entered a plea of guilty, pursuant to a plea bargain, to the offense of assault in the second degree, a Class D felony in Case No. CR483–195X in the Circuit Court of Dent County, Missouri, in which case the defendant Rodger Friedley was charged as follows:

'William Camm Seay, Prosecuting Attorney for the County of Dent, State of Missouri, charges that the defendant, in violation of Section 565.060, RSMo., committed the Class D felony of assault in the second degree, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo., in that on or about March 2, 1983, in the County of Dent, State of Missouri, the defendant recklessly caused serious physical injury to Larry Steelman, by shooting him with a .30 caliber rifle.'

12. That the defendants Dennis Holford and Rodger Friedly were riding in a Jeep motor vehicle owned by defendant Dennis L. Holford during the period of time when the defendant Larry Steelman was shot and injured.

13. That the defendant Dennis Holford states that he was operating the Jeep motor vehicle and the defendant Rodger Friedly was in the passenger seat discharging the firearm during the period of time when the defendant Larry Steelman was injured.

14. That the defendant Rodger Friedly states that he was operating the Jeep motor vehicle and the defendant Dennis Holford was in the passenger seat discharging the firearm during the period of time when the defendant Larry Steelman was injured.

Based on its findings of fact, the trial court made several conclusions of law, which are:

1. That the defendant Larry Steelman sustained bodily injuries as that term is defined by the policy of insurance issued by the plaintiff Home Mutual Insurance Company.

2. That the plaintiff Home Mutual Insurance Company is not obligated to provide a defense or to pay a judgment or otherwise provide coverage only if bodily injury to others occurs which is expected or intended by the insured, Dennis Holford.

3. That the bodily injuries of the defendant Larry Steelman were bodily injuries which were neither expected or intended by the insured defendant Dennis Holford and do not fall within the exclusion form coverage under the policy of insurance issued by the plaintiff, Home Mutual Insurance Company.

4. That it is against public policy to allow the plaintiff Home Mutual Insurance Company to extend its exclusionary clause so as to include 'To a person off the insured location, if the bodily injury: (2) is caused by the activities of any insured;' when that is exactly what the policy issued to the insured promised to provide.

5. That the bodily injuries sustained by defendant Larry Dee Steelman were not directly or indirectly caused by the use of a motor vehicle owned by the insured Dennis Holford, but were caused by a firearm, and the exclusionary clause under the policy of insurance issued by the plaintiff Home Mutual Insurance Company does not apply.

Based on these findings and conclusions, the trial court entered the following judgment:

[I]t is ordered, adjudged and decreed that the acts of defendant Dennis Holford are covered by the terms of the policy of insurance with respect to the bodily injury sustained by Larry Dee Steelman and that there is liability coverage for defendant Dennis Holford through Home Mutual Insurance Company and that the said Home Mutual Insurance Company has an obligation to defend the said Dennis Holford and to provide him with a defense under their policy of insurance issued to him.

The judgment was designated as final for the purpose of appeal, and this appeal followed.

In its first point relied on in its appeal, Home Mutual asserts:

The trial court erred in concluding, as a matter of law, that the bodily injuries of respondent Larry Steelman were neither expected nor intended by the respondent Dennis Holford because the trial court failed to apply the proper legal standard that an act is 'intended' or 'expected', as those terms are used in policies of insurance, where the insured acts with a specific intent to cause harm or the intent to cause harm can be inferred as a matter of law from the nature or character of the act, or is an act from which there is a strong probability that certain consequences will result.

In support of this contention, Home Mutual relies on the holdings of *Hanover Ins. Co. v. Newcomer*, 585 S.W.2d 285 (Mo.App. 1979); *Travelers Ins. Co. v. Cole*, 631 S.W. 2d 661 (Mo.App.1982); *Shelter Mut. Ins. Co. v. Parrish*, 659 S.W.2d 315 (Mo.App. 1983), and *Western Indem. Co., Inc. v. Alley*, 740 S.W.2d 372 (Mo.App.1987).

■ While we have no quarrel with any of the rules of law expressed in these cases, all are distinguishable on the facts. The facts in the case before us, as gleaned from the record, are that between 4:30 and 5:00 p.m. on March 2, 1983, Larry Steelman was driving a tractor trailer truck owned by his employer, Craig Distributing. He was southbound on Missouri State Highway 72 in Dent County near the Lake Springs area when he noticed a jeep motor vehicle behind him on the highway. The jeep was occupied by two people, the driver and a front seat passenger. Steelman noticed the passenger was "moving around up and down." Steelman could not identify either occupant of the jeep, and did not know if a firearm was in the jeep. After being followed about 10 miles by the jeep, Steelman heard a "popping noise." He thought a tire on his truck had blown out, and was getting ready to pull over when he heard a second popping sound, which was followed by a sharp pain in his right leg. Steelman pulled off the road, and discovered he had been shot. A Mr. Wells who lived near the scene took Steelman to a local hospital. Medical expenses for treatment of the injury totalled $1,219.17.

Investigation of the shooting revealed the following facts. On the morning of March 2, 1983, Holford and Friedly, who had been drinking beer for several hours, decided to travel to Doniphan, Missouri to

visit Holford's girl friend. They were in Holford's jeep with the top off. Before they left Jefferson City, Holford stopped by his residence and got a .30 caliber rifle and some shells. They bought more beer and shells during their journey, and by the time they reached the scene where this particular shooting occurred were both fairly intoxicated. Along the way, they had stopped to do some target shooting and both had shot the gun. Holford and Friedly are in agreement that Holford drove the jeep from Jefferson City to Rolla, but their stories differ as to who drove and who was the passenger after that point. Holford claimed that he was driving the jeep between Rolla and Salem, and that Friedly was in the passenger seat. Holford said that Friedly fired the rifle from the moving jeep several times during the journey, while Friedly claimed that he was driving the jeep between Rolla and Salem and Holford was shooting the rifle. Both men recalled seeing a tractor trailer truck near the scene of the incident, and both recalled hearing shots at that time. Both denied shooting into the truck, and disclaimed any knowledge that anyone had been shot until they were informed of such when they were arrested early the next morning. Neither Holford or Friedly knew Steelman or had any reason to shoot him or anyone else. There was no evidence that either of them intentionally shot into the truck.

In the four cases cited by Home Mutual in support of its position that the trial court should have ruled in its favor as a matter of law, none of the facts are even remotely similar to those present in this case. In *Hanover Ins. Co. v. Newcomer*, 585 S.W.2d 285 (Mo.App.1979), Newcomer, after threatening to kill a female acquaintance, Samantha Locke, engaged Ms. Locke in an altercation, during which he struck her in the leg with a machete. The appellate court held that under those facts, Newcomer's swinging the machete was an intentional act from which an injury could be expected and, therefore, the exclusionary clause in the homeowner's policy providing that policy coverage would not apply to bodily injury or property damage resulting from an insured's acts which were either expected or intended, from the standpoint of the insured, justified the insurance company's refusal to provide policy coverage to Newcomer.

In *Travelers Ins. Co. v. Cole*, 631 S.W.2d 661 (Mo.App.1982), a police officer was shot by the insured, Lenwood Cole, after Officer Didden had gone to the Cole home at the request of Cole's wife. In the declaratory judgment action filed to determine the question of insurance coverage, it was stipulated that Cole pointed the gun at Didden, and that Cole knew, or should have known, the gun was loaded and, if fired, would cause death or serious injury. After observing that wanton and reckless acts do not, as a matter of law, amount to intentional acts, the appellate court stated that Cole's intent to harm Didden could be inferred, since discharging a gun at Didden was a dangerous act from which harm was almost certain to result. The court held that since Didden's injury was intended by Cole, the exclusion provision in the homeowner's policy excluding coverage if the bodily injury was expected or intended from the standpoint of the insured applied.

In *Shelter Mut. Ins. Co. v. Parrish*, 659 S.W.2d 315 (Mo.App.1983), the insured and owner of an apartment building, Patrick Parrish, shot Gailey in the stomach with a .357 Magnum pistol while trying to break up a fight between two men competing for the affections of Lisa Brown. At the time of the shooting, Parrish had the pistol pointed at Gailey's mid-section when he and Gailey were only three to four feet apart. The appellate court held that under those circumstances that Gailey's injuries were expected or intended from the standpoint of Parrish, and affirmed the trial court's judgment finding for the insurance company, which relied on an exclusion clause in its policy in denying coverage.

In *Western Indem. Co., Inc. v. Alley*, 740 S.W.2d 372 (Mo.App.1987), Gary Alley, a clerk in a convenience store, was abducted by Billy Kimball and Kenneth Conway following a robbery at the convenience store. It was the intent of Kimball and Conway to kill Alley so that he would not be able to identify them as the robbers.

Conway drove the trio to a nearby rural location where Kimball shot Alley in the neck. Conway and Kimball then drove away, leaving Alley laying on the ground. Alley survived and sued Conway and Kimball for damages. At the time of the incident, Conway was living with his parents, and was covered under their homeowners insurance policy which contained an exclusion for injuries "expected or intended by the insured." The appellate court affirmed the trial court's finding that the shooting of Alley by Kimball, with Conway's aid and encouragement, indicated a specific intent on the part of Conway, as well as Kimball, to harm Alley and, therefore, the exclusion clause justified a denial of coverage.

In all four of these cases, the intent of the insured to do bodily harm was crystal clear. In the present case, it is not.

■ Home Mutual had the burden of proving that its exclusion clause for injuries which were either "expected or intended by the insured" applied. *Farmers and Merchants Ins. Co. v. Cologna*, 736 S.W.2d 559, 562 (Mo.App.1987). To prove that the injury was "intended," Home Mutual would have had to submit proof that Holford either desired to cause Steelman's injury or believed that Steelman's injury was substantially certain to follow from his firing of the rifle. If Home Mutual was trying, on the other hand, to prove that the injury was "expected," it would have had to have shown that Holford realized, or should have realized, that there was a strong probability Steelman would be shot as a consequence of his acts. *Farm Bureau Town & Country Ins. v. Turnbo*, 740 S.W.2d 232, 236 (Mo.App.1987). It did not do so.

■ Evidently realizing that it had not · proved that Steelman's injury was either intentionally inflicted or expected by Holford as a consequence of his actions, Home Mutual tries to convince us that Holford's plea of guilty to the charge that he recklessly caused serious physical injury to Steelman amounted to an admission that he intended to do bodily harm to Steelman. Such a premise is not warranted here on the basis of either fact or law.

While a plea of guilty to a criminal charge is admissible as evidence of a person's intent, it does not conclusively establish an insured's intent or expectation to do bodily harm. *Curtain v. Aldrich*, 589 S.W. 2d 61, 65 (Mo.App.1979). In *Curtain*, the trial court had other evidence in addition to the guilty plea to consider on the issue of intent. *Id.* at 65–66. There is nothing in the evidence and testimony of Steelman, Holford, or Friedly that Holford and/or Friedly, while shooting the rifle, were intending to hurt, or expecting to hurt, Steelman or anyone else. The issue is not whether Holford or Friedly intended to shoot the rifle—it is whether they intended to cause injury to Steelman. There is no evidence that they did.

It is true that the conduct of Holford and Friedly was reckless, which means that their acts in firing the rifle were intentionally done without regard for the consequences. There was a conscious intent to shoot the rifle, and they knew that such act, at the time and place in question, was wrong, but there was no proof of a conscious intent to cause the harm that followed.

■ Wanton and reckless conduct may, and often does, include negligence. Intentional conduct does not. It necessarily follows, therefore, that wanton and reckless acts do not amount, in law, to intentional acts so as to permit an insurer to deny coverage under an exclusion clause in its liability insurance policy which provides that it does not provide coverage for injury intentionally caused by the insured. *Crull v. Gleb*, 382 S.W.2d 17, 21–22 (Mo.App. 1964).

Although the trial court labelled its holding that Steelman's injury was neither intended nor expected by Holford as a conclusion of law, it was really a finding of fact. *See Farmers and Merchants Ins. Co. v. Cologna*, 736 S.W.2d at 570; *Shelter Mut. Ins. Co. v. Parrish*, 659 S.W.2d at 319. The finding was based on substantial evidence which justified the conclusion made by the trial court that Home Mutual was obligated to provide a defense to Holford, and to provide insurance coverage

within the policy limits. The point has no merit.

Home Mutual's other point relied on is that:

The trial court erred in concluding, as a matter of law, that the injuries of respondent Larry Steelman were not directly or indirectly caused by the use of a motor vehicle because the trial court failed to apply the proper legal standard defining of [sic] 'use' of a motor vehicle, as that term is used in policies of insurance, to include any use other than the ordinary operation of a motor vehicle.

■ The exclusionary clause relative to the ownership, maintenance, or use of a motor vehicle reads:

1. **Coverage E—Personal Liability and Coverage F—Medical Payments to Others** do not apply to **bodily injury** or **property damage:**

a. which is expected or intended by the **insured;**

. . . .

e. arising out of the ownership, maintenance, use, loading or unloading of:

. . . .

(2) a **motor vehicle** owned or operated by or rented or loaned to any **insured;** or. . . .

There is nothing in evidence from which an inference could be drawn that Holford's ownership of the jeep, or his maintenance of it, caused Steelman's injury. The only arguable issue is whether the "use" of the jeep caused Steelman's injury.

There is no question as to whether Steelman was shot while Holford and Friedly were occupying Holford's moving jeep, with one of them being the driver and the other the passenger. That fact, however, is not enough to exclude coverage. There must be proof that there was a causal connection between the injury and the "use" of the motor vehicle in order to hold that the injury arose out of the use of a motor vehicle. *Cameron Mut. Ins. Co. v. Ward,* 599 S.W.2d 13, 14–18 (Mo.App.1980). No such causal connection is shown under the facts of this case. At best, the jeep was merely the "situs" or "locus" of Steel-man's injury, as the discharge of the rifle was unconnected with the inherent use of the motor vehicle in question. *Id.* at 15. *State Farm Mut. Auto. Ins. Co. v. Whitehead,* 711 S.W.2d 198 (Mo.App.1986), which is cited by Home Mutual as authority for its position on the point in question, is distinguishable on its facts. In that case, an automobile owned by Gordon Galemore, a law enforcement officer, was being used to transport a robbery suspect to the police station. Whitehead was also a passenger in the car. A gun battle erupted with shots intentionally fired by Galemore and by the suspect. During the exchange of fire, Galemore was killed and Whitehead was injured. The appellate court reasoned that there was a causal connection between the use of the vehicle and the discharge of the pistols because the accused was being transported against his will to the police station, and such use of the automobile caused the shooting. Here, the fact that Holford was using the jeep to go see his girl friend had nothing to do with the rifle being in the jeep, or the subsequent negligent discharge of the weapon. The point has no merit.

The judgment of the trial court is affirmed.

CROW, P.J., and MAUS, J., concur.

HOLSTEIN, C.J., recused.