Shirley ROSE, et al., Appellants,

v.

CITY OF RIVERSIDE, Missouri, Respondent.

No. WD 43944.

Missouri Court of Appeals, Western District.

March 10, 1992.

Douglass F. Noland, Kansas City, for appellants.

Don Witt, Platte City, for respondent.

**738**

Before BERREY, P.J., and ULRICH and HANNA, JJ.

HANNA, Judge.

This is an appeal from an order granting summary judgment in favor of respondent pursuant to an inverse condemnation action filed by appellants. The appellants are owners of a certain tract of land located in Riverside, Missouri. The previous owner was Mr. Glen Charles Hornback who died on April 19, 1988. Until his death, Mr. Hornback used the land to rent and sell travel trailers, to sell camper tops and related parts and inventory, and to sell propane. The three appellants each inherited a one-third interest in the property from Mr. Hornback.

Some time in 1971 or 1972, while Mr. Hornback owned the land, the Army Corps of Engineers promulgated regulations which classified the land as a flood plain and thus sought to restrict its use. Once the land was so designated, flood insurance became impossible to obtain. However, a national flood insurance program existed which permitted property owners within a flood plain area to purchase flood insurance through the Federal Emergency Management Agency. In 1977, the city of Riverside adopted a flood plain ordinance which restricted any new construction on the land without first obtaining the appropriate variance. The ordinance was enacted to allow business entities located within the flood plain area to obtain flood insurance.

The appellants attempted to sell the property on various occasions, but were unable to do so. Appellants allege the restrictive ordinance has hampered their efforts to sell the property and constitutes an unconstitutional taking of the property. Therefore, they filed an action for inverse condemnation against respondent. Respondent filed its motion for summary judgment on August 9, 1990, claiming that the appellants were not the real parties in interest and that the statute of limitations had run. The trial court sustained respondent's motion for summary judgment on September 5, 1990 and this appeal followed.

In ruling on a motion for summary judgment, the record must be scrutinized in the light most favorable to the party against whom the motion was rendered, and we must accord that party the benefit of every doubt. *Kansas City v. W.R. Grace & Co.*, 778 S.W.2d 264, 268 (Mo.App.1989). A summary judgment is proper where there remains no genuine issue as to any material fact. *Schwartz v. Lawson*, 797 S.W.2d 828, 832 (Mo.App.1990). It is appropriate only where no theory within the scope of the pleadings, depositions, admissions and affidavits filed would permit recovery and the moving party is entitled to a judgment as a matter of law. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241 (Mo. banc 1984).

The first and dispositive issue is whether the statute of limitations has barred appellants' action. The five year statute of limitations pursuant to § 516.120 RSMo applies to actions of inverse condemnation. *Don Roth Dev. Co. v. Missouri Highway and Transp.*, 668 S.W.2d 177, 179 (Mo.App.1984).

Appellant Rose testified that Mr. Hornback was aware that the ordinance was passed in 1977. Even if he did not have actual notice, everyone is conclusively presumed to know the law and that presumption applies to municipal ordinances as well. *See Hoff v. Sander*, 497 S.W.2d 651 (Mo.App.1973) and *King v. Moorehead*, 495 S.W.2d 65, 77 (Mo.App.1973). The restrictive nature of the ordinance should have alerted Mr. Hornback that the value of his property was diminished and consequently, more difficult to sell. It was upon passage of the restrictive ordinance that damage was capable of ascertainment. Respondent suggests and we agree, that the statute of limitations begins to run once the fact of damage is capable of ascertainment, even though the amount of damage is not yet ascertainable. *Knipmeyer v. Spirtas*, 750 S.W.2d 489, 490 (Mo.App.1988) *citing Zero Mfg. Co. v. Husch*, 743 S.W.2d 439 (Mo.App.1987).

Any damage suffered as a result of a taking would have been suffered by Mr. Hornback at the time the ordinance was passed in 1977 and the damage claim would

not pass to the appellants as grantees of the land. *Barr v. Kamo Elec. Corp.*, 648 S.W.2d 616, 619 (Mo.App.1983). Therefore, the appellants' claim was barred by the statute *of limitations contained in § 516.-120* RSMo.

 Appellants contend that the respondent's answer did not raise the affirmative defense of the statute of limitations although conceding the defense was raised in respondent's motion for summary judgment. Appellants argue the issue has been waived by respondent's failure to plead it in its answer.

Our courts have applied statutes of limitations with some strictness, and exceptions and estoppels have been rather grudgingly found. *Dixon v. Shafton*, 649 S.W.2d 435, 440 (Mo. banc 1983). Summary judgment is generally appropriate in statute of limitation situations because the underlying facts are relatively easy to develop. *Id.* If the case were remanded, the affirmative defense would inevitably be raised by respondent and the trial court would be faced with the question of whether to allow an amendment of respondent's answer.

Rule 55.33(a) permits a party to amend his pleading by leave of court and states that leave shall be freely given when justice so requires. The factors for a court to consider before permitting an amendment are the hardships to the moving party if the request is denied, the reasons for failure to include the matter in a designated pleading and the injustice caused the opposing party when the request is granted. *Stewart v. Sturms*, 784 S.W.2d 257, 262 (Mo.App.1989). The trial court has broad discretion to grant a party leave to amend his answer and it is an abuse of discretion to not grant such leave when justice requires. *See Thummel v. Krewson*, 764 S.W.2d 700, 706 (Mo.App.1989).

Appellants were well aware the defense existed since the respondent raised it in its motion for summary judgment. It would be an abuse of discretion to refuse to allow the respondent to amend its answer to include a statute of limitations defense. Therefore, it would serve no useful purpose to remand the case to the trial court. Summary judgment is appropriate in this case and the appeal is denied accordingly.

Since we have held the statute of limitations should apply and that summary judgment was appropriately ordered, neither the real party in interest nor exhaustion of the administrative remedy issues will be addressed.

The judgment of the trial court is affirmed.

All concur.