**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff/Appellant,**

v.

**Clinton SCHROEDER and Ian McGahan, Defendants/Respondents.**

**No. 71675.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 26, 1997.

Evans & Dixon, Gerre S. Langton, Sam P. Rynearson, Susan M. Moore, St. Louis, for Plaintiff/Appellant.

Bertram Cooper, P.C., Bertram Cooper, Deborah Turpin–Bartley, for Schroeder.

Connie S. Hood, Clayton, for McGahan.

PUDLOWSKI, Judge.

State Farm Fire and Casualty Company (State Farm) brought a declaratory judgment action asserting it was not obligated to defend Ian McGahan (McGahan) under a homeowner's insurance policy nor responsible to Clinton Schroeder (Schroeder) for any monetary damages sustained by him as a result of the conduct of McGahan. The trial court found that State Farm's policy was within the coverage of the claims of McGahan and Schroeder. The trial court further found that State Farm had a duty to defend the negligence claim, but the policy coverage did not provide coverage for any punitive damages, if assessed. We affirm.

The evidence supporting the trial court's judgment is as follows: On or about 9 July 1994, Schroeder and several friends appeared at a party where McGahan and others were already present. McGahan's brother informed him of the arrival of the uninvited

guests. Shortly thereafter, an oral dispute arose between McGahan and Schroeder's friends. This dispute subsequently escalated into a fight between McGahan and Brian Hughes (Hughes), a friend of Schroeder. During the oral confrontation, McGahan saw Hughes chasing his brother with a baseball bat. McGahan then ran after and tackled Hughes, who dropped the baseball bat. McGahan picked up the bat and hit Hughes.

Immediately following, McGahan observed an unidentified group of people approaching him. As the closest person in the group came within five feet from him, McGahan swung the bat in an attempt to keep everyone away from him and his brother. After swinging, McGahan realized he hit a person who was later identified as Schroeder. Schroeder filed suit against McGahan.

At the time of this incident, McGahan's parents were insured by an effective State Farm homeowner's insurance policy. State Farm concedes that McGahan is insured under the policy's terms. Terms of the policy provide for personal liability and medical payment coverage arising from an "occurrence." [1] Liability coverage for personal liability and medical payments to others is prevented under policy terms [2] when the insured either "expected or intended" the act or for "willful and malicious" conduct. State Farm claims that McGahan's actions excluded coverage under the policy terms.

State Farm filed its petition seeking declaratory judgment alleging the injuries inflicted upon Schroeder by McGahan did not arise out of an "occurrence" under the terms of the policy. Thus, State Farm sought to exclude McGahan's actions from coverage. McGahan maintains that hitting Schroeder was an unintentional act; McGahan stated he only wanted to keep the group at bay. After hearing all of the evidence, the trial court found that McGahan's intent was to keep people away from him, not to cause injury. The trial court found these actions giving rise to Schroeder's injuries to be at most reckless. To determine the sufficiency of the evidence, we disregard all contrary evidence and accept the evidence and inferences favorable to the trial court's judgment as true. *United Services Automobile Association Casualty Insurance Company v. Sorrells*, 910 S.W.2d 774, 777 (Mo.App. E.D.1995).

■ When an insurer brings a declaratory judgment action seeking to prevent coverage under an insurance policy, the burden of establishing that the exclusion of coverage applies rests with the insurer. *American Family Mutual Insurance Company v. Pacchetti*, 808 S.W.2d 369, 370 (Mo. banc 1991). State Farm alleges McGahan's actions were "intentional or expected" and, under policy terms, State Farm could deny coverage thereby avoiding defending McGahan's suit. To meet its burden, State Farm must show "not only that the insured intended the acts causing the injury, but that injury was intended or expected from these acts." *Pacchetti*, 808 S.W.2d at 371.

■ Whether McGahan intended or expected the injury is a question of fact. *Pacchetti*, 808 S.W.2d at 371. The trial court found that McGahan intended to swing the bat in order to protect himself and to ward off other attackers, not to cause injury. There was sufficient evidence to support a finding that McGahan did not have a conscious intent to cause the harm inflicted upon Schroeder. McGahan did not expect nor intend the swinging bat to hit any person. His actions were reckless. However, reckless acts do not rise to the level of intentional acts permitting an insurer to prohibit coverage under a policy exclusion clause. *Steelman v. Holford*, 765 S.W.2d 372, 377 (Mo.App. S.D. 1989). From the evidence on record, State

---

1. The homeowner's policy contains the following provision:
    1. "occurrence", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
    2. bodily injury; or
    1. property damage; during the policy period.

2. The policy exclusion reads as follows:

1. Coverage L and Coverage M do not apply to:
    1. bodily injury or property damage:
    2. which is either expected or intended by any insured; or
    3. to any person or property which is the result of willful and malicious acts of an insured.

Farm failed to show McGahan intended or expected the resulting injury.

State Farm relies on determination of intent as an objective standard as announced in *United Services Automobile Association Casualty Insurance Company v. Sorrells,* 910 S.W.2d 774 (Mo.App. E.D.1995). Sorrells was shot during an argument with a friend at point blank range by a loaded gun with a propensity to discharge under slight pressure. The court in *Sorrells* reasoned that due to the range of the discharge, the particular characteristics of the gun and the insured's knowledge of the gun's characteristics, Sorrells' injury was intentional. The trial court found Sorrells intended the act which caused the injury and that the resulting injury was "intended or expected." Due to this determination, Sorrells was denied policy coverage. In contrast, McGahan's swinging bat was approximately five feet away from the closest person and McGahan had no reason to believe this action would result in injury. The trial court determined McGahan did not intend to cause injury nor were the injuries expected. Since the trial court found McGahan's actions to be at most reckless, we defer to its fact-finding and hold that State Farm has a duty to defend the negligence claim, but not to cover punitive damages, if assessed.

The judgment of the trial court is affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.