**Kevin ARMONEIT, Appellant,**

v.

**George EZELL, Respondent.**

**No. ED 79397.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 13, 2001.

---

1. We note that movant must still meet all the procedural requirements necessary for the appointment of counsel.

Ray B. Marglous, James E. Lownsdale, Todd M. Boehlje, St. Louis, MO, for appellant.

Beth C. Boggs, St. Louis, MO, for respondent.

MARY R. RUSSELL, P.J.

Kevin Armoneit ("Employee") appeals the trial court's grant of summary judgment in favor of George Ezell ("Employer"). On appeal, Employee asserts four reasons why summary judgment should not have been granted. First, Employee claims a genuine issue of material fact exists regarding whether Employer struck him intentionally or recklessly. Second, he contends Employer failed to meet his *prima facie* burden for summary judgment because Employer's motion relied on evidence not competent to establish his intention when he struck Employee. Third, he asserts that because Employer failed to plead the affirmative defense of statute of limitations in his answer, it was waived. Fourth, he claims Employer failed to meet his *prima facie* burden for summary judgment because he failed to plead properly the affirmative defense of statute of limitations upon which his summary judgment motion relied. We find no error and affirm.

Employer owned and was the president of the company for which Employee worked on November 10, 1994, when the incident at issue occurred. After a conversation in the company shop during which Employee was fired, Employee further criticized Employer, and their confrontation persisted. Employer picked up a board, approximately eight feet long, and swung it at Employee two or three times, injuring Employee.

Employee received a workers' compensation award for past medical expenses and for specified future expenses resulting from this incident. Before the workers' compensation hearing, both Employer and Employee testified at depositions. Employer testified that he swung the board without "a whole lot of force, it was mainly just to keep [Employee] away from me, not to do any damage to him." In Employee's deposition, he stated, "I looked up, and [Employer] was attacking me with a board."

Employee filed a petition against Employer on August 26, 1999, pleading a cause of action for recklessness in his first count and requesting a punitive damages award in his second count. Employer moved for summary judgment on the grounds that his actions constituted an assault on Employee, and Employee's claim was filed after the two-year statute of limitations had run. *See* section 516.140

RSMo 2000.[1] Employee argued that because he pleaded a case for recklessness, the applicable statute of limitations was the five-year statute of limitations of section 516.120(4) for any other injury to the person not arising from contract and not otherwise enumerated in that section. The trial court entered summary judgment on Employer's behalf on March 8, 2000, agreeing that Employee's claim was essentially one for assault and battery and was precluded because the two-year statute of limitations expired before Employee filed his petition.

■ Because the grant of summary judgment is purely an issue of law, our standard of review is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment should be entered if the motion and response indicate "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Rule 74.04(c)(3). The record is reviewed in the light most favorable to the party against whom judgment was entered, and we accord the non-moving party the benefit of all reasonable inferences from the record. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376.

■ The party moving for summary judgment bears the burden of proving that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. *Id.* A movant's right to judgment as a matter of law varies, depending on whether the movant is a "claimant" or a "defending party" at trial. *Id.* at 381.

■ Where the movant for summary judgment is the defendant, as is Employer in this case, a right to summary judgment can be established by showing (1) facts negating any one of Employee's elements, (2) Employee, the claimant and non-movant, has not and will not be able to produce sufficient evidence to allow the trier of fact to find the existence of any one of his elements, or (3) there is no genuine dispute as to the existence of each of the facts needed to support Employer's properly pleaded affirmative defense. *Id.* If Employer establishes any one of these, then he is entitled to judgment as a matter of law. *Id.*

■ Once Employer makes the *prima facie* showing required by Rule 74.04(c), Employee must show "by affidavit, depositions, answers to interrogatories, or admissions on file" that a genuine issue of fact indeed exists, despite Employer's proof to the contrary. *Id.* A genuine issue of fact exists when there is competent evidence of "two plausible, but contradictory, accounts of the essential facts." *Id.* at 382. A genuine issue dispute must be real and substantial, not argumentative, imaginary, or frivolous. *Id.*

In his first point, Employee claims that a genuine issue of fact exists regarding whether Employer acted recklessly or intentionally when he struck Employee. This lynchpin is crucial to both parties. If Employer can prove that Employer's conduct was intentional and that his affirmative defense of the expired two-year statute of limitations is viable, then the summary judgment will stand. *See* section 516.140. However, if there is no genuine issue of fact and Employer's conduct could be found to have been unintentional, Employer cannot negate that element of Employee's recklessness claim, which was filed within the applicable five-year statute of limitations, and Employee will be entitled to pursue it. *See* section 516.120.

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

Employee's argument hinges on two statements made by Employer during his deposition for Employee's workers' compensation hearing. In describing the incident, Employer testified that he hit Employee with the board on the shoulder "not with a whole lot of force, it was mainly just to keep him away from me, not to do any damage to him." He also stated that when striking Employee, the blows "were not as much force as I could have used, you know, if I really intended to put him out, I think I could."

Employee's attempt to disprove Employer's characterization of the incident by using these statements is an incorrect understanding of what constitutes an assault.

"[A]n assault is any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Adler v. Ewing*, 347 S.W.2d 396, 402 (Mo.App.1961). "The assault is complete, 'if the intent, with the present means of carrying it into effect, exists and preparations therefor have been made' ... even though there has been no actual violence to the person." *State v. Bowles*, 754 S.W.2d 902, 910 n. 7 (Mo.App. 1988) (defining civil and criminal assault) (*quoting State v. Selle*, 367 S.W.2d 522, 527 (Mo.1963)). "A battery is the willful touching of the person of another, and has been said to be the consummation of the assault." *Adler*, 347 S.W.2d at 402. Every battery contains an assault. *Id.*

To commit an intentional tort, a person must intend the act and the resulting harm. *State ex inf. Ashcroft v. Kansas City Firefighters Local No. 42*, 672 S.W.2d 99, 112 (Mo.App.1984) (*citing* RE-STATEMENT (SECOND) OF TORTS section 870 cmt. b (1977)). Employee asserts that because Employer stated he did not intend physical harm to Employee and that he did not strike Employee with his full force, then his conduct was not intentional. Employer's statements, however, evidence an assault in that the "harm" in an assault is the fear or apprehension of imminent peril, which is exactly what Employer intended for Employee. *See Adler*, 347 S.W.2d at 402. Employer's statement that he swung the board to keep Employee away from him demonstrates an intent to cause fear in Employee for the purpose of preventing Employee from advancing toward Employer and evidences an assault on Employer's part.

Employee attempts to analogize Employer's actions in this incident with the reckless actions of the defendant in *Steelman v. Holford*, 765 S.W.2d 372 (Mo.App. 1989). In *Steelman*, the defendant and another man, Friedly, had been drinking for several hours when they decided to take a road trip in the defendant's vehicle, during which they fired a rifle several times. *Id.* at 375–76. The plaintiff, who was driving a tractor trailer truck on the highway in front of the defendant's vehicle, was injured in his right leg by a shot from the gun, which was randomly fired by either the defendant or Friedly. *Id.* at 375.

*Steelman* is not on point with the present case. First, *Steelman* occurs in the context of evaluating whether the defendant's actions fall within those "expected or intended" by him for determining the scope of coverage of his homeowner's insurance policy. *Id.* at 374, 377. Second, we do not find any congruency between the facts in *Steelman* compared to the facts at hand. Holding someone at bay with an eight-foot board following a verbal dispute after firing him from his job does not parallel being on a drunken binge and driving down the highway randomly firing a loaded rifle. In short, Employee's analogy is unpersuasive.

At oral argument, Employee argued that recklessness and assault overlap and that the plaintiff is free to choose what cause of action to pursue. The tort of recklessness occurs when the actor

> intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result.

*Hatch v. V.P. Fair Found., Inc.,* 990 S.W.2d 126, 139–40 (Mo.App.1999) (*quoting Nichols v. Bresnahan,* 357 Mo. 1126, 212 S.W.2d 570, 573 (1948) (*citing* RESTATEMENT (SECOND) OF TORTS sections 500, 501 (1965))). *Hatch* also states that a cause of action for recklessness issues when the actor's conduct is "negligent, rather than intentional" but is so improper that it is treated as though it were intended. *Id.* at 139. However, "proof of a willful act resulting in bodily harm ... will not justify or support jury submission of the case on a hypothesis that the injury for which recovery is sought was the result of an act of negligence." *Martin v. Yeoham,* 419 S.W.2d 937 (Mo.App.1967). But for the assault and battery in this case, no cause of action for recklessness exists. Therefore, section 516.140 contains the applicable statute of limitations, and holding otherwise would evade legislative policy. *Cf. K.G. v. R.T.R.,* 918 S.W.2d 795, 800 (Mo. banc 1996) (disallowing plaintiff's cause of action for intentional infliction of emotional distress where the underlying conduct constituted a battery and was governed by its two-year statute of limitations, which had expired).

We find no genuine issue of material fact in that Employer's statements demonstrate intentional acts that culminated in an assault on Employee. Employee's first point is denied.

In his second point, Employee argues that summary judgment was errantly granted in that Employer did not meet his *prima facie* burden as he relied on evidence not competent to establish his intention when he struck Employee. Employee asserts two deficiencies in the evidence cited by Employer. Employee first contends that two documents from his workers' compensation claim, specifically his Claim for Compensation and the Findings of Facts and Rulings of Law, do not fall within the acceptable categories of evidence listed in Rule 75.04(c)(1). Second, he notes that the police report and medical records used at the workers' compensation hearing encompass hearsay.

Employee's previous acts and omissions preclude him from now contesting this evidence. "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *ITT Commercial Fin. Corp.,* 854 S.W.2d at 376. The court does not focus on the truth of these facts, but merely determines whether they are disputed. *Id.* at 382. Undisputed facts are admitted for purposes of analyzing a summary judgment motion. *Id.*

In response to the summary judgment motion, Employee failed to contradict several exhibits accompanying the motion wherein the incident was described as an "assault." Foremost, Employee's response conceded the contents of his Claim for Compensation, wherein he characterized the injury as occurring when he "while working at his job was violently assaulted by the president of the company." In addition, the police report indicates that Employee told the officer that his boss assaulted him, and the doctor's

report states that Employee said he was assaulted at work. Employee did not object to the contents of the police report or medical reports. He merely stated they were not appropriate documents for summary judgment purposes, and they should be disregarded. Furthermore, many of the statements Employee complained of came from his own testimony. As such, there was ample support for the entry of summary judgment based on his testimony alone. *See Clayton Brokerage Co. of St. Louis, Inc. v. Raleigh,* 679 S.W.2d 376, 379 (Mo.App.1984).

For purposes of reviewing the summary judgment motion, we find the contents of these documents were undisputed by Employee. Therefore, Employer's evidence was competent to establish his *prima facie* burden. Employee's second point is denied.

■ Employee claims in his third point that summary judgment should not have been granted because Employer waived the statute of limitations affirmative defense by failing to plead it as such in his answer. Employer raised his statute of limitations defense in his motion for summary judgment, but the record does not indicate any attempt by Employer to amend his answer to include the defense.

In *Rose v. City of Riverside,* 827 S.W.2d 737 (Mo.App.1992), the appellants conceded that the respondent raised the affirmative defense of statute of limitations in its motion for summary judgment but argued that because it had failed to plead the defense in its answer, the defense was waived. *Id.* at 739. The court, however, found that if it remanded, the affirmative defense would inevitably be raised and the trial court would have to decide whether to allow the respondent to amend the answer. *Id.* The court noted that Rule 55.33(a) permits amendment of pleadings by leave of court, and such leave is to be freely given when justice so requires. *Rose,* 827 S.W.2d at 739. It indicated that it would be an abuse of discretion to refuse to allow the respondent to amend the answer to include the statute of limitations defense as the appellants knew the defense existed because the respondent raised it in the motion for summary judgment. *Id.* Therefore, the court concluded it was unnecessary to remand and affirmed the motion for summary judgment. *Id.*

The dictates of *Rose* direct our conclusion on Employee's third point. Because Employer included the defense in his motion for summary judgment, Employee was aware of it, and it would be an abuse of discretion for the trial court not to allow him to amend his answer to include that defense. Employee's third point is denied.

Furthermore, our conclusion on Employee's third point leads us to also deny his fourth point, wherein he claims that Employer failed to meet his *prima facie* burden because he failed to properly plead the affirmative defense of statute of limitations. As previously discussed, on the facts at hand, it is unnecessary for us to remand on this issue when Employer made Employee aware of the defense in his motion for summary judgment and justice would require the trial court to allow Employer to amend his answer accordingly. Employee's fourth point is denied.

We find the trial court properly entered summary judgment in this matter, and we affirm.

MARY K. HOFF, J., and CHARLES B. BLACKMAR, Sr.J., concur.