Doyle v. Kansas City & S. Ry. Co.

## DOYLE *et al.* v. THE KANSAS CITY & SOUTHERN RAILWAY ·COMPANY, *Appellant.*

### Division One, December 22, 1892

1. **Practice**: CONSTRUCTIVE SERVICE, WHEN AUTHORIZED. Unless the statute authorizes substituted or constructive service, the law will intend that personal service is required.

2. ———: ———. Service of process by "due course of mail" in a condemnation proceeding, where not recognized by the statute, is invalid.

3. **Railroad**: ACTION TO RECOVER FOR LAND APPROPRIATED FOR RIGHT OF WAY: EVIDENCE. In an action against a railroad company to recover for land taken for a right of way and for damages, the record of a condemnation proceeding by another company against the same land prior to the defendant's entry thereon is inadmissible, where service of notice in such condemnation proceeding was invalid and there is no evidence that such other company ever conveyed to any one any supposed title it had acquired to the land.

4. **Practice**: REJECTION OF EVIDENCE: WAIVER. Any error committed in the rejection of a part of a conversation offered by a party is cured by his successful objection to the introduction of the whole of it by his adversary.

5. **Railroad**: ACTION TO RECOVER FOR LAND APPROPRIATED FOR RIGHT OF WAY: EASEMENT: STATUTE OF LIMITATIONS. In an action against a railroad company to recover for land taken for a right of way and for damages to the residue, a judgment of recovery and satisfaction thereof will operate to vest in the defendant company an easement in the land, in like manner as by condemnation proceedings regularly instituted and conducted; and the five years statute of limitations applicable to actions of trespass does not apply to such action; it can only be barred by the ten years statute of limitations.

6. ———: ———: MEASURE OF DAMAGES. The measure of damages in such action is the actual value of the land taken and appropriated for the right of way and the diminution in value caused thereby, if any, to the residue of plaintiff's land from which the right of way was taken.

7. ———: ———: PRACTICE: INSTRUCTION: WAIVER. Defendant cannot object, in such action, to an instruction otherwise correct, because it did not tell the jury at what date the value of the property was to be assessed, since, if it desired such an instruction, it should have asked it.

8. ———: APPROPRIATION OF LAND FOR RIGHT OF WAY: TIME OF ASSESS-MENT OF VALUE.  Where a railroad company enters upon land and proceeds to construct its road over the same and afterwards condemns the right of way thus taken, the damages should be based on the value of the land at the time of the assessment.

9. ———: ———: ———.  Where, however, the testimony in an action for the value of the land so taken and for damages to the residue was without objection from defendant, directed to its value seventeen years before the trial, which was probably more favorable to defendant than if estimated at the time of the trial, it has no ground of complaint.

10. ———: ———: LAND ACQUIRED AFTER CONSTRUCTION OF GRADE.  In an action for the value of land taken for a railroad right of way and for damages to the part not taken, an instruction to the effect that no recovery can be had as to lands purchased by plaintiffs after the grade was constructed is properly refused.

11. ———: ———: SPECIAL BENEFITS.  An instruction that special benefits should be deducted from the damages suffered is properly refused, where there was no evidence as to special benefits.

12. ———: ———: EXCESSIVE VERDICT.  A verdict will not be disturbed as excessive where some of the testimony showed that the farm was damaged more than the amount of the verdict, leaving out of consideration the value of the land taken.

*Appeal from Henry Circuit Court.*—HON. D. A. DeArmond, Judge.

AFFIRMED.

In August, 1883, the defendant company, without license or other legal authority, entered upon a certain tract of land of about five hundred acres, and constructed its road across the same, appropriating thereby a strip one hundred feet wide and about one and one half miles long through the tract, and extending across the same in a circuitous route and thereby dividing the tract into two irregular and inconvenient shaped parts, greatly impeding ingress and egress from one part to the other and greatly damaging the residue of the tract.

In so constructing its road the company dug ditches, made deep cuts and threw up embankments along and on said strip.

Plaintiffs, who were minors, and sue by their natural guardian and curator, Mary Doyle, were in possession of the land at the time of the wrongful entry as tenants in common, seized of an estate in fee simple. Defendant completed its road through the tract in 1884, and was in possession of the tract when action was brought, the ground of which was the appropriation and use by the company of said strip which occupied some twenty acres of land, and the acts aforesaid for which plaintiffs claimed damages in the sum of $4,000.

In substance the petition contains the foregoing allegations. The action was brought August 21, 1889. The answer was in effect a general denial, and it also pleaded the statutes of five years and of ten years in bar. To this there was a reply.

The evidence showed that the entry in question was made in 1883, and that by July of that year the track was completed about midway of the tract of land. W. M. Doyle, the father of the plaintiffs, owned the tract, but did not live on the same, and died August 24, 1883. The defendant completed its road through the land by February, or by the spring of 1884.

In 1871, the Tebo & Neosho Railroad Company, under certain condemnation proceedings, had graded its road through the land, but did not build its road, and the defendant company in constructing its road used the same route as that used by the former company, repairing the old track, and, where necessary, deepening the cuts and fills. Doyle, the father, had the tract in cultivation some twelve years prior to 1883, and the original tract had been plowed over and the

embankments plowed down to some extent prior to the entry of the defendant company in 1883.

Upon the evidence adduced, the jury found in favor of the minor plaintiffs in the sum of $1,270, and the defendant appealed.    Other facts, when necessary, will be disclosed in the opinion.

*Johnson v. Lucas* for appellants.

(1) The court erred in refusing to admit the record of the condemnation proceedings.    Laws 1857, secs. 7, 8, 9, 10, p. 59; Laws 1859-60, pp. 402-4; *Cory v. Railroad*, 100 Mo. 282.    (2) The instruction by the court of its own motion ought not to have been given; it nowhere tells the jury of what date they are to assess the value of the property.    *Railroad v. Co.*, 14 American & English Railroad Cases, 194; *Railroad v. Town-Site Co.*, 104 Mo. 451; see also note to same case, 47 American & English Railroad Cases, 128, and cases cited; *Brown v. Railroad*, 101 Mo. 490.    (3) The instruction given at the request of plaintiff is erroneous; it nowhere tells the jury at what date they are to assess the damages, and on that question leaves the jury entirely in the dark.    *Railroad v. Town-Site Co.*, 104 Mo. 451.    (4) Defendant's instruction number 2 ought to have been given.    The record shows that the only title acquired to a portion of the land was subsequent to the construction of the first grade over the same.    *Hilton v. St. Louis*, 99 Mo. 199.    It does not correctly instruct the jury as to the measure of damages.    *Dougherty v. Brown*, 91 Mo. 31.    The instruction should have told the jury that defendant was entitled to have deducted from any damages suffered any special benefits received.    *McReynolds v. Railroad*, 110 Mo. 484.    (5) The verdict is against the evidence and is excessive and shows on its face that it is the result of partiality and prejudice.    (6) The motion in arrest of judgment should have been

sustained. The petition did not state facts sufficient to constitute a cause of action. *Robertson v. Railroad*, 18 Mo. 185. (7) The instruction given by the court of its own motion authorizes a recovery, on the basis of the statute of limitations, while the evidence shows, that as to a portion of the land there was no claim of possession for that period. *Hargis v. Railroad* 100 Mo. 210.

*Calvird & Lewis* for respondents.

(1) The error, if any, in refusing to admit the declarations of Wm. M. Doyle to Jos. A. Doyle was waived by defendant's successful objection to plaintiffs' introduction of the whole conversation. (2) It was not necessary that the jury should be told of what date damages were to be assessed. The evidence on damages was all directed to the time the trespass was committed, in 1883. (3) The instruction given by the court of its own motion was not error. The ruling on a similar instruction in *Brown v. Railroad*, 101 Mo. 490 and 496, does not apply here. For in that case the value of the strip alone was sued for. In this case damages to the whole tract are asked. (4) The instruction given at plaintiffs' request has been approved by this court. *Combs v. Smith*, 78 Mo. bot. p. 35. (5) It was not error to refuse defendant's second instruction, because: *First.* The condemnation proceedings were held insufficient. *Second.* The defendant had never acquired any title from the Clinton & Memphis Branch of the Tebo & Neosho Railroad. (6) Plaintiff's instruction number 2 properly declared the measure of damages. *Combs v. Smith*, 78 Mo. 32; *Railroad v. Baker*, 102 Mo. 561. There was no evidence of any special benefits. (7) There was no evidence to support defendant's fourth instruction. The Kansas City, Memphis & Mobile Railroad was

never in possession of the land.   The only witness who said anything on that subject was Jos. A. Doyle, and he did not know what road built the old grade.   (8) This cause of action did not accrue until 1884 when the road was completed across the land, which was after Wm. M. Doyle's death.   *Combs v. Smith*, 78 Mo. 40.   The widow's interest was all that the statute of limitations barred, the other plaintiffs being minors.

SHERWOOD, P. J.—I.  The trial court did not err in rejecting the record of the condemnation proceedings instituted by the Tebo & Neosho Railroad Company. It is true that, under the terms of the charter, five days notice was sufficient.   Laws 1859–60, pp. 402, 404; Laws 1857, sec. 9, pp. 60, 61.

But the notice in this case was not served as required by law.   The ninth section says:   "Notice of such application to such judge shall be given to the owner of such lands five days before such application shall be made, if such owner reside in this state," etc. The service in this case was "either personally or by due course of mail."   Unless the statute authorize a substituted or constructive service, the law will intend that *personal* service is required.   Wade on Notice [2 Ed.] secs. 1134, 1137, 1138; *Leach v. Cargill*, 60 Mo. 316.

Service of process by "due course of mail" was not recognized by the statute in question, and was therefore invalid.   But even if Doyle had been properly notified and thus had his day in court, there is nothing to show that the Tebo & Neosho Railroad Company had ever conveyed to any one any supposed title it had acquired to the land in litigation.

II.  Complaint is made that error occurred in the refusal of the trial court to permit Doyle, a brother of the deceased, to state the declarations of the latter as

to the amount assessed by the commissioners. This was objected to on the ground that the assessment itself was the best evidence on that point. It is, however, now claimed that such evidence was competent to show acquiescence of the ancestor of plaintiffs in such condemnation proceedings. This point was not developed in the lower court; but if it had been, conceding its relevancy, still if any error occurred at the first, it was cured by reason of plaintiffs endeavoring to bring out from the same witness the whole of the conversation referred to, but this was prevented by the defendant's own objection.

III. The next point for determination is in regard to the statute of limitation. The court below evidently thought that the statute of five years was a bar·for any injury done by the defendant company to any part of the land by laying a portion of its track prior to the death of Doyle. This is apparent from the ninth instruction asked and given at defendant's instance. This theory was the correct one if this is to be regarded simply as an action of *trespass*, because, if so regarded, undoubtedly the statute of five years had run at the time this suit was brought as to any injury done to the land during the life of Doyle, the father. But we are not of opinion that this is an action of trespass, and for these reasons recovery is sought for the *value of the strip of land* appropriated for the right of way and also for damages caused to the residue of the land by fitting that strip for use as a railroad track. Doubtless Doyle or his heirs at law, if not barred, could have maintained successive actions of trespass against the intruding company; each day's continuance of the intrusion furnishing a fresh cause of action, and a judgment and satisfaction of any one of such successive causes of action opposing no barrier to similar suits. But, where the injury is necessarily of a permanent nature, as in the

case at bar, and consists in the *absolute taking* of a strip of ground, and doing this in such a manner as to incidentally injure the entire property abutting on the strip, there the damage, because of its permanency, will admit of but one recovery, which will obviously include all damages past, present and prospective. Pierce on Railroads, p. 230; Lewis on Eminent Domain, sec. 625; *Van Hoozier v. Railroad*, 70 Mo. 145; *Dickson v. Railroad*, 71 Mo. 579; *Givens v. Van Studdiford*, 86 Mo. 149.

This being the case, a judgment of recovery and satisfaction thereof will operate to vest in the defendant company an easement in the land as much so and as effectually to all intents and purposes as if condemnation proceedings had been regularly instituted and conducted. Pierce on Railroads, 230–31; Lewis on Eminent Domain, sec. 625.

Now it is obvious that, in the circumstances already related, if the plaintiffs had chosen to resort to ejectment, nothing short of the time specified in the ten years statute would have barred them from recovering the land. But they had it at their option, within the time they might have sued for the *land itself*, to sue for the *value of that land and* incidental damages, by reason of its having been taken and the method of such taking; consequently, the five years bar which may be appropriately invoked in simple actions of trespass does not apply and cannot apply to a case of this sort, where the result of the judgment and its satisfaction will be to vest the title in the defendant company as effectually as if resultant from regular proceedings for condemnation. Besides, here, it being entirely at the option of the plaintiffs whether they would sue or whether forbear, it is quite evident that there could be no point or period of time at which the five years statute could begin to run against the exercise of that

option in bringing the present action.    We, therefore, hold they were not barred.

IV.  The measure of damages was correctly declared by the court in the second instruction given on behalf of plaintiffs.    It told the jury to take into consideration the actual value of the strip of land taken and appropriated for the right of way and also the diminution in value caused thereby, if any, to the residue of plaintiff's land from which the right of way was taken. This theory of the estimation of damages in such cases was recently approved in a well considered opinion by BRACE, J., and the rule announced, as deducible from the authorities both in this state and elsewhere, that, in this form of procedure, "the injury being the same and the damage the same, the compensation should be the same" as in ordinary condemnation proceedings. *McReynolds v. Railroad*, 110 Mo. 484.

This view disposes of the eighth instruction asked by defendant and refused by the court, to the effect that admitting the wrongful entry, etc., yet that the jury should be restricted to the actual value of the strip of land taken for the right of way.

V.  Complaint is made of the instruction given by the court of its own motion, which in substance told the jury that, if they found the facts to be as stated in the petition, and that the defendant did these acts and injuries therein set forth, they should find the issues for the plaintiffs.    The ground of objection to this instruction is that it does not tell the jury of what date they are to assess the value of the property.    Conceding this, it does not follow that the instruction is faulty in the particular mentioned.    It merely undertook to give general directions to the jury in what event they should find the issues for plaintiffs, and it was correct as far as it went.    If defendant desired an instruction on the point suggested, an appropriate

instruction should have been asked.    To affirm the validity of defendant's objection would be equivalent to declaring that the duty of a trial court is the same in civil cases as in criminal.    *Railroad v. Town-Site Co.,* 103 Mo. 468.

VI.  In the case just mentioned it was ruled in an exhaustive opinion by MACFARLANE, J., that, where a railway company entered upon land without authority and proceeded to construct its road over same, and afterwards proceeded to condemn the right of way thus taken, the damages should be based on the value of the land at the time of the assessment, and this ruling evidently rests on a basis of both the organic and statutory law, which is not to be shaken.

In this case, however, the testimony was directed to the value of the property in 1883, and, so far as the record shows, this was done without any objection from defendant.    It may well be conjectured that the evidence being directed towards the value of the land some seventeen years prior to the trial was far more favorable to defendant than if the value had been estimated at the time when the trial occurred; so on this point there is no ground of complaint.

VII.  The second instruction asked by defendant, it is urged, should have been given, to-wit:    That "as to any lands purchased by plaintiffs after the grade was constructed thereon, there can be no recovery herein." Under the rule stated in *Hilton's Case,* 99 Mo. 199, this would be correct if this were a suit in ordinary form for damages done to land; but it is for taking the land itself and damage done that part not taken.    Besides the subsequent entry and taking by the defendant was a continuation of the original wrong.    Wood on Nuisances [2 Ed.] 78, 969.

Furthermore, by the second instruction given for plaintiffs, the court forbade the jury in estimating the

damage done from considering any done prior to the death of Doyle.

VIII. It is said that instruction 2 given for plaintiffs, and already touched upon, was erroneous in that it did not tell the jury that defendant was entitled to have deducted from any damages suffered any special benefits received. The remark is applicable to this point as to a similar one made by defendant as to the instruction given by the court of its own motion. And in addition it may be said that there was no evidence on the subject of special benefits.

IX. Finally it is said that the verdict is excessive and indicates partiality, etc. Some of the testimony shows that the farm was damaged more than the amount of the verdict, and this leaves out of consideration the value of the strip taken.

Upon the whole record the judgment should be affirmed. All concur.