**Wendell Patrick BRYAN, Guardian of the Estate of Denise Bryan, and Wendell Patrick Bryan, Appellants,**

v.

**The MISSOURI STATE HIGHWAY PATROL and J.P. Lysaught, Respondents.**

No. WD 53841.

Missouri Court of Appeals, Western District.

Jan. 20, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1998.

Application to Transfer Denied April 21, 1998.

404

Steven G. Schumaier, St. Louis, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondents.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

HOWARD, Judge.

This is an appeal from the trial court's order granting summary judgment to Respondents J.P. Lysaught and the Missouri State Highway Patrol. Appellant Wendell Patrick Bryan contends the trial court erred in granting summary judgment to Respondents because 1) Mr. Lysaught failed to meet his burden to prove that no material facts are in dispute; 2) the doctrine of official immunity does not apply in this case because Mr. Lysaught's acts were ministerial, rather than discretionary; 3) the grant of summary judgment to the Highway Patrol was not pursuant to a motion and Appellant did not have an opportunity to brief the issue.

**Facts**

On December 4, 1990, Denise Bryan was driving from Columbia, Missouri, to her home in Marshall. Ms. Bryan was employed as a travel agent at Summit Travel in Columbia at the time. At approximately 7:13 p.m., Ms. Bryan collided with a cow in the northbound lane of Highway 65, approximately two miles south of Marshall. She was then hit in the rear by a vehicle operated by James Chitwood. Ms. Bryan suffered severe and permanent injuries as a result of this accident.

Wendell Patrick Bryan, Ms. Bryan's husband, was named guardian of Ms. Bryan's estate and initiated a lawsuit against Franklin Pogue, James Chitwood, the Saline County Sheriff's Department, Highway Trooper J.P. Lysaught, and others in relation to this accident. Mr. Bryan also filed a loss of consortium claim. The Missouri Highway Patrol and Trooper Lysaught are the only remaining defendants in this action.

On December 4, 1990, at approximately 6:40 p.m., 33 minutes prior to Ms. Bryan's accident, Mr. Lysaught was advised by Troop A radio dispatch that an accident had occurred on Highway 65, involving Garret and Phoebe Jones and a cow. Mr. Lysaught arrived at the scene of the initial accident by 6:45 p.m. Based on his interview with the Joneses and inspection of the automobile, Mr. Lysaught determined that the initial accident was caused by a "short horned red" cow belonging to Franklin Pogue. Mr. Lysaught alleges that he searched for the cow in the vicinity of the accident, but he could not find the cow. He alleges that he remained on and "worked" the accident for 30 minutes and did not see the cow. He testified that he drove up and down Highway 65 in search of the cow, and then left the scene and transported the Joneses to a Concordia High School basketball game.

Upon arriving in Concordia, Mr. Lysaught was advised by Troop A radio dispatch that another accident had occurred on Highway 65. This accident occurred a few hundred feet away from the location of the Joneses' accident. According to the police report, the second accident occurred at 7:13 p.m. and involved Denise Bryan, a "red short horned" cow, and another automobile. The police report indicates that Mr. Lysaught arrived at the scene of Ms. Bryan's accident at 7:34 p.m. According to the police report, nine cows were wandering loose in the immediate vicinity of Ms. Bryan's accident. Eight of the cows were owned by Franklin Pogue.

On September 9, 1996, Mr. Lysaught filed a motion for summary judgment. On December 18, 1996, Wendell Bryan filed a memorandum in opposition to Mr. Lysaught's motion for summary judgment. On January 16, 1997, the trial court entered summary judgment in favor of Mr. Lysaught. The court stated that "Lysaught complied with the provisions of § 270.010, RSMo, and did not violate his duty under that statute because he looked for any cattle running at large and tried to determine if any cattle were at large." The court then determined that Mr. Lysaught was entitled to official immunity because the duty imposed by § 270.010 was "discretionary." The court also found that

the Missouri Highway Patrol is an agency of the State and protected by sovereign immunity. The court granted summary judgment to Mr. Lysaught and the Highway Patrol, although the Highway Patrol did not file a motion for summary judgment. This appeal followed.

## Standard of Review

Appellate review of the propriety of summary judgment is de novo. *Williams v. City of Independence*, 931 S.W.2d 894, 895 (Mo.App. W.D.1996). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issues of material fact exist and the movant has a right to judgment as a matter of law. *Id.*

## Point I

Appellant's first point on appeal is that the trial court erred in granting Mr. Lysaught's motion for summary judgment because Mr. Lysaught failed to meet his burden to prove that no material facts are in dispute. Appellant contends that the trial court's order invades the province of the jury because 1) whether Mr. Lysaught properly discharged his duties as mandated by § 270.010 RSMo 1994 is a question of fact; 2) Mr. Lysaught's credibility and veracity of his version of the events are issues to be determined by a jury because the fact that his affidavit in support of his summary judgment motion differs from his deposition testimony brings his credibility and veracity into question.

Negligence is ordinarily a question for the jury and always is when the evidence on the issue is conflicting or where, the facts being undisputed, different minds might reasonably draw different conclusions from them. *Rickman v. Sauerwein*, 470 S.W.2d 487, 489 (Mo.1971); *Wilkerson v. Mid–America Cardiology*, 908 S.W.2d 691, 695 (Mo. App. W.D.1995). Unique among the elements of negligence is duty because the existence of a duty is a question of law. *Strickland v. Taco Bell Corp.*, 849 S.W.2d 127, 131

(Mo.App. E.D.1993). The existence of a statutory duty on Mr. Lysaught's part is not in dispute in this case. The issue in dispute is whether he breached his duty. This is a question of fact. We find that there is a genuine issue in dispute concerning the adequacy of Mr. Lysaught's efforts to locate and restrain the cow in compliance with his statutory duty. Appellant has questioned the veracity of Mr. Lysaught's testimony about his efforts to search for the cow, specifically questioning the possibility that Mr. Lysaught could have made the efforts to search for the cow that he claims to have made in the time frame he claims to have made them. Different minds might reasonably draw different conclusions on the adequacy of Mr. Lysaught's search. Because the question of whether Mr. Lysaught failed or refused to discharge his duty under § 270.010 is a question of fact for the jury, summary judgment was not appropriate in this case.

## Point II

Appellant's second point on appeal is that the trial court erred in finding that Mr. Lysaught was entitled to protection based on the official immunity doctrine because Mr. Lysaught was performing a ministerial act described by the stock law, and thus was not protected under the doctrine.

The common law doctrine of official immunity shields officials from liability for injuries arising out of their discretionary acts or omissions, but an official may be held liable for injuries arising out of ministerial acts. *Charron v. Thompson*, 939 S.W.2d 885, 886 (Mo. banc 1996), *cert. denied*, ——— U.S. ———, 118 S.Ct. 96, 139 L.Ed.2d 52 (1997). Whether a function is discretionary or ministerial is a case by case determination. *Id.* Relevant factors include "the nature of the official's duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment, and the likely consequences of withholding immunity." *Warren v. State*, 939 S.W.2d 950, 953 (Mo.App. W.D.1997) (quoting *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 836 (Mo. banc 1985)). A discretionary act requires "the exercise of reason in the

adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued." *Id.* (quoting *Rustici v. Weidemeyer,* 673 S.W.2d 762, 769 (Mo. banc 1984)). "Discretionary acts" should not be defined narrowly because such an interpretation would frustrate the purpose of official immunity. *Warren,* 939 S.W.2d at 953; *Costello v. City of Ellisville,* 921 S.W.2d 134, 136 (Mo.App. E.D.1996).

A ministerial function is one that a public officer is required to perform upon a given state of facts, *in a prescribed manner,* in obedience to the mandate of legal authority, without regard to the officer's own judgment or opinion concerning the propriety of the act to be performed. *Charron,* 939 S.W.2d at 885 (emphasis added). A ministerial function is the antithesis of a function that is left to be performed in a manner the acting official believes to be "appropriate" or "suitable." *Warren,* 939 S.W.2d at 954.

We first decide whether the act of restraining a cow under § 270.010 is a discretionary or ministerial act. Section 270.010 provides, in relevant part:

> It shall be unlawful for the owner of any animal or animals of the species of horse, mule, ass, cattle, swine, sheep or goat, in this state, to permit the same to run at large outside the enclosure of the owner of such stock, and if any of the species of domestic animal aforesaid be found running at large, outside the enclosure of the owner, it shall be lawful for any person, and it is hereby made the duty of the sheriff or other officer having police powers, on his own view, or when notified by any other person that any of such stock is so running at large, to restrain the same forthwith.... Any failure or refusal on the part of such officer to discharge the duties required of him by this section shall render him liable on his bond to any person damaged by such failure or refusal, which damages may be sued for and recovered in any court of competent jurisdiction.

We find that the officer's duty to restrain a cow under § 270.010 is a discretionary act because the means to achieve the end is within the officer's discretion. The nature of the act of restraining a cow that is not within

an officer's view requires the officer to use his judgment to determine where and how long to look for the cow, taking into account his other responsibilities. As Respondents point out, it is not reasonable to interpret this statute as a strict liability statute, requiring an officer to search for a cow indefinitely every time he is informed a cow is loose, neglecting his other duties, and making him liable for his failure to restrain a cow running at large regardless of the diligence of his search for the animal.

However, while we find that an officer's duty under § 270.010 involves a discretionary act, we also find that the legislature partially abrogated the common law doctrine of official immunity for the purpose of an officer's liability under § 270.010. The plain language of the statute indicates that a person damaged under this statute may sue an officer on his bond for his failure or refusal to discharge his duty under the statute. By implication, an officer cannot be held liable as to any amount of damages in excess of his bond.

We again note that whether Mr. Lysaught failed or refused to discharge his duty in this case is a question of fact. If the jury finds that Mr. Lysaught failed or refused to discharge his duty, he will only be liable to the extent of his bond.

### Point III

Appellant's third point on appeal is that the trial court's order granting summary judgment for the Missouri Highway Patrol is erroneous because the issue was not before the court pursuant to a motion, and Appellant was not given the opportunity to brief the issue.

The Missouri State Highway Patrol is protected by sovereign immunity. *Conrod v. Missouri State Highway Patrol,* 810 S.W.2d 614, 617 (Mo.App. S.D.1991). This case does not involve an instance where sovereign immunity would be waived under § 537.600. Therefore, the Highway Patrol does appear to be protected from suit in this case as a matter of law. However, since no motion for summary judgment was ever filed or briefed in the trial court, the matter is

reversed and returned for further proceedings on this issue.

The judgment of the trial court is reversed and remanded for further proceedings.

All concur.