Timothy **CREDE, et al., Appellants,**

v.

**CITY OF OAK GROVE, Missouri, Respondent.**

No. WD 54971.

Missouri Court of Appeals, Western District.

Nov. 3, 1998.

Kenneth B. McClain, Independence, for Appellants.

Sharon Kennedy, Kansas City, for Respondent.

Before HOWARD, P.J., and BRECKENRIDGE and SPINDEN, JJ.

HOWARD, Judge.

Timothy and Debra Crede appeal from a summary judgment in favor of City of Oak Grove, Missouri, on the Credes' claim for inverse condemnation. The Credes raise two points on appeal. First, they claim that the trial court erred in entering judgment as a matter of law against the Credes on their inverse condemnation claim because the City failed to properly present its motion for summary judgment in that 1) the City moved for summary judgment in the alternative to its motion to dismiss; 2) the City set forth additional allegedly uncontroverted facts in its reply in support of its motion to dismiss or for summary judgment; 3) the Credes were given no opportunity to respond to the City's new facts; 4) the court relied on the new facts in entering judgment; and 5) the court failed to notify the Credes it would rule as a matter of law. Second, the Credes claim that the trial court erred because the pleadings and uncontested facts demonstrate that

the Credes have standing and state a claim for inverse condemnation in that the City is using the Credes' property for a public street, the City acquired no lawful right to use the property as a public street, the City failed to pay just compensation for the land invaded and damaged, the City continues to interfere with the Credes' quiet enjoyment of their property, and the Credes timely filed their action.

We affirm.

## Facts

The Credes purchased the property at issue from Illinois Central Gulf Railroad Company on December 22, 1986. The parcel is located adjacent to an active railroad and was, prior to the Credes' purchase, part of the railroad right of way. The Credes incorporated the parcel with other industrial property upon which they operate a stone-cutting business. The subject parcel is used for storing work in progress and raw materials. The Credes own property on both sides of the railroad tracks.

There is a public street parallel along the south side of the tracks on the railroad right of way on the Credes' property. The street has been a public road for at least forty years, and it has been paved and maintained by the City for at least twenty-three years. The City and public continue to use the property as a public street. There are no facts in the record indicating that the City properly condemned the property or paid just compensation for the taking.

The Credes filed their petition in inverse condemnation and petition for damages on December 19, 1996. The trial court entered summary judgment in favor of the City on the grounds that the Credes' claim was time-barred and they did not have standing to pursue their claim. This appeal followed.

## Standard of Review

Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issues of material fact exist and the movant has a right to judgment as a matter of law. *Bryan v. Missouri State Highway Patrol*, 963 S.W.2d 403, 406 (Mo. App. W.D.1998). Appellate review of the propriety of summary judgment is de novo. *Id.* The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *State ex rel. Missouri Coalition for Environment v. Conservation Comm'n of State of Missouri*, 940 S.W.2d 527, 529 (Mo.App. W.D.1996).

## Point I

The Credes' first point on appeal is that the trial court erred in entering judgment as a matter of law against them on their inverse condemnation claim because the City failed to properly present its motion for summary judgment in that 1) the City moved for summary judgment in the alternative to its motion to dismiss; 2) the City set forth additional allegedly uncontroverted facts in its reply in support of its motion to dismiss or for summary judgment; 3) the Credes were given no opportunity to respond to the City's new facts; 4) the court relied on the new facts in entering judgment; and 5) the court failed to notify the Credes it would rule as a matter of law. We address the Credes' claims in the order in which they appear in their argument.

The Credes' first argument is that the City included new facts in its reply, and the trial court improperly relied on those facts in its judgment. These are the facts in the City's reply that the Credes argue were improperly relied on by the trial court:

1. Eleventh Street has been paved for more than 23 years.

2. The City has expended monies for maintenance of 11th Street for more than 23 years.

3. Plaintiffs obtained title to the property that is the subject of this lawsuit by virtue of a Quitclaim Deed from Illinois Central Gulf Railroad Company on December 22, 1986.

4. In the aforementioned Quitclaim Deed, Illinois Central Gulf Railroad Company re-

served the right for the continued maintenance, replacement and use of all existing driveways and roads on the said premises.

5. Plaintiff obtained title to the property at issue in this lawsuit subject to all easements on said premises whether or not of record.

At the trial level, the Credes failed to object to the City's inclusion of these facts in its reply. The general rule is that matters complained of on appeal must be preserved for review by objection. *Mathis v. Jones Store Co.*, 952 S.W.2d 360, 368 (Mo.App. W.D.1997). However, noncompliance with the requirements of Rule 74.04 is not a matter subject to waiver by a party. *Moore Equipment Co. v. Halferty*, 980 S.W.2d 578, (Mo.App. W.D.1998); *Miller v. Ernst & Young*, 892 S.W.2d 387, 389 (Mo.App. E.D. 1995), *rev'd on other grounds*, 938 S.W.2d 313 (Mo.App. E.D.1997); *but see Plank v. Union Elec. Co.*, 899 S.W.2d 129, 132 (Mo. App. E.D.1995) (finding that the plaintiffs did not properly preserve their claim that the defendant's summary judgment motion was procedurally defective where they did not object to it at the trial level). Nevertheless, it is significant that the party opposing the motion made no objection at the trial level to the violation of the precise requirement of the rule. *AgriBank FCB v. Cross Timbers Ranch, Inc.*, 919 S.W.2d 263, 267 (Mo.App. S.D.1996). The City filed its reply on August 11, 1997, and the trial court did not enter its judgment until September 30, 1997. The Credes had ample opportunity to file a motion to strike the City's pleading if it believed that the City improperly included new facts in its reply.

In addition, the City would be entitled to judgment as a matter of law on the basis that the Credes do not have standing to bring this action regardless of whether the trial court had considered any of the facts in the City's reply. None of the "new" facts in the City's reply were crucial to the trial court's decision. The critical fact, that the Credes did not own the property on the date of the taking, was set forth in the City's original motion to dismiss or for summary judgment. Therefore, the Credes were not harmed by the trial court's consideration of any of the facts in the City's reply.

The Credes' second argument is that the trial court did not give notice that it was treating the City's motion as a motion for summary judgment rather than as a motion to dismiss. Rule 55.27(a) provides that when matters outside of the pleadings are presented to and not excluded by the court, the motion to dismiss shall be treated as one for summary judgment. *Baker v. Biancavilla*, 961 S.W.2d 123, 125 (Mo.App. W.D.1998). To consider matters outside of the pleadings and treat a motion to dismiss as one for summary judgment, a court must first give the parties notice that it is going to do so, and it must provide all parties a reasonable opportunity to present all materials made pertinent to a motion for summary judgment. *Id.*

On June 23, 1997, the City filed a motion titled "Defendant's Motion to Dismiss Plaintiffs' First Amended Petition or, in the Alternative, for Summary Judgment." The first sentence of the motion stated that it was brought pursuant to Rules 55.27 and 74.04. The motion was accompanied by suggestions in support thereof. The affidavit of Michael Butler, the city administrator, was attached to the suggestions in support of the motion. The Credes' suggestions in opposition to the City's motion, filed on July 25, 1997, indicate that the Credes were aware that the motion was a motion to dismiss or, in the alternative, for summary judgment. The City filed its reply in support of its motion on August 11, 1997. Attached to the reply were the Credes' deed to the property and the affidavit of Jay Johnston, a city employee. The trial court entered its judgment on September 30, 1997.

In *Anderson v. State*, 709 S.W.2d 893, 895 (Mo.App. W.D.1986), *overruled on other grounds by Wilkes v. Missouri Highway and Transp. Comm'n*, 762 S.W.2d 27 (Mo. banc 1989), the defendants filed motions to dismiss and one of the defendants filed an affidavit. The affidavit was not excluded by the trial court and it was beyond question that the affidavit was considered by the court. *Id.* at 897. This court found that the plaintiff was charged with knowledge that the court was

considering matters outside the pleadings and that the motion to dismiss would thereby be converted to a motion for summary judgment. *Id.* We reasoned that the plaintiff was not surprised that the court was considering the motion as one for summary judgment. *Id.* Similarly, in the present case, the Credes had reasonable notice that the motion would be treated as a motion for summary judgment, and they had ample opportunity to present all material pertinent to a summary judgment motion. Point denied.

#### Point II

The Credes' second point on appeal is that the trial court erred because the pleadings and uncontested facts demonstrate that they have standing and state a claim for inverse condemnation in that the City is using their property for a public street, the City acquired no lawful right to use the property as a public street, the City failed to pay just compensation for the land invaded and damaged, the City continues to interfere with the Credes' quiet enjoyment of their property, and the Credes timely filed their action.

■ We first address the issue of whether the Credes' petition was timely filed. The Credes argue that the ten-year statute of limitations of § 516.010 [1] applies, and their petition was timely because it was filed within ten years of the date they purchased the property. The City contends that inverse condemnation claims are governed by the five-year statute of limitations of § 516.120, [2] and therefore the Credes' action is time-barred because it was filed more than five

years after the date the City entered the railroad's property and installed the public street and more than five years after the Credes purchased the property. Alternatively, the City argues, the Credes' action is barred under § 516.010 because it has been more than ten years since the City installed the public road.

There appears to be a conflict between the Missouri Supreme Court and the Court of Appeals concerning the statute of limitations for inverse condemnation claims. In support of their claim that the ten-year statute of limitations of § 516.010 applies, the Credes cite *Doyle v. Kansas City and Southern Railway Co.,* 113 Mo. 280, 20 S.W. 970, 970–71 (1892). *Doyle* does appear to hold that the ten-year statute of limitations applies to inverse condemnation claims. *Id.* at 971. However, in *Kent v. City of Trenton,* 48 S.W.2d 571, 576 (Mo.App.1931), this court found that "[t]he theory upon which the ten-year period of limitation was applied in the case of *Doyle v. Railway Co.* ... has been ignored in later cases and not followed, but denied by necessary implication" in several cases. In more recent cases, Missouri courts have found the five-year statute of limitations in § 516.120 applicable in inverse condemnation actions. *Rose v. City of Riverside,* 827 S.W.2d 737, 738 (Mo.App. W.D.1992); *Don Roth Dev. Co., Inc. v. Missouri Highway and Transp. Comm'n,* 668 S.W.2d 177, 179 (Mo.App. E.D.1984); *see also Lewis v. City of Potosi,* 317 S.W.2d 623, 628–29 (Mo.App. 1958).

---

1. All statutory references are to RSMo 1994.
   Section 516.010 provides as follows:
   No action for the recovery of any lands, tenements or hereditaments, or for the recovery of the possession thereof, shall be commenced, had or maintained by any person, whether citizen, denizen, alien, resident or nonresident of this state, unless it appear that the plaintiff, his ancestor, predecessor, grantor or other person under whom he claims was seized or possessed of the premises in question, within ten years before the commencement of such action.

2. Section 516.120 provides that the following actions must be taken within five years:
   (1) All actions upon contracts, obligations or liabilities, express or implied, except those

mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;
   (2) An action upon a liability created by a statute other than a penalty or forfeiture;
   (3) An action for trespass on real estate;
   (4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;
   (5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

We are, of course, constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court. *Schumann v. Missouri Highway and Transp. Comm'n*, 912 S.W.2d 548, 552 (Mo. App. W.D.1995). However, we find it unnecessary to decide which statute of limitations applies because we find that the Credes do not have standing to pursue their claim.[3]

Section 516.090 provides that "[n]othing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this state." The Credes have cited cases that hold that acquisition of land for railroad purposes is appropriation for public use, and therefore the statute of limitations for adverse possession does not apply. *Granite Bituminous Paving Co. v. St. Louis & M.R.R. Co.*, 331 Mo. 899, 55 S.W.2d 468 (1932); *St. Louis–San Francisco Ry. Co. v. King*, 329 Mo. 1203, 50 S.W.2d 94 (1932). Although the cases cited by the Credes concern adverse possession, rather than inverse condemnation, we find that the rule established in those cases also applies to the statute of limitations for inverse condemnation actions, regardless of whether the applicable statute is § 516.010 or § 516.120. However, any damage suffered as a result of the taking in this case would have been suffered by the owner at the time the damage became ascertainable, and the damage claim based on inverse condemnation would not pass to subsequent grantees of the land. *See Langenberg v. City of St. Louis*, 355 Mo. 634, 197 S.W.2d 621, 625 (1946); *Rose*, 827 S.W.2d at 739; *Barr v. Kamo Elec. Corp., Inc.*, 648 S.W.2d 616, 619 (Mo.App. W.D.1983). Therefore, even though a railroad owned the land at the time the damage became apparent, any right the railroad may have had to bring an inverse condemnation action against the City was not passed to the Credes when they bought the property. Point denied.

The judgment of the trial court is affirmed.

All concur.

---

**3.** If the owner of the land prior to the Credes had not been a railroad or some other party whose land was within the scope of § 516.090, under the five-year statute of limitations of § 516.120, their action would be time-barred because they bought the property on December 22, 1986 and they did not file their petition until December 19, 1996. Under the ten-year statute of limitations of § 516.010, their action would be time-barred because their cause of action for inverse condemnation accrued "once the fact of damage is capable of ascertainment." *Rose*, 827 S.W.2d at 738; *see also Lewis*, 317 S.W.2d at 628 (the statute of limitations begins when the damage becomes apparent). The City presented uncontroverted evidence that South Main Street (now known as 11th Street) has been used as a public road for forty years, and it has been paved for at least twenty-three years.