Angela BASHAM and Scott Basham, Plaintiffs–Appellants,

v.

CITY OF CUBA, Missouri, Defendant–Respondent.

No. 28146.

Missouri Court of Appeals, Southern District, Division Three.

July 16, 2008.

John D. Beger, Brendon J. Fox, Beger & Bushie, LLC, Rolla, MO, for appellant.

Mark Zoole, Michelle V. Stallings, Mark Zoole & Assoc., St. Louis, MO, for respondent.

JOHN E. PARRISH, Presiding Judge.

Angela Basham and Scott Basham (plaintiffs) brought an action against the city of Cuba, Missouri. Plaintiffs' petition was in two counts. Count I sought damages for nuisance. Count II was an action for inverse condemnation. Both counts were directed to damages sustained at property plaintiffs own in the city that was damaged as a result of a sewer backup. The trial court found for the city on both counts. This court affirms.

Plaintiffs owned property at 401 E. Spencer Street on which they had constructed a house for resale. Scott Basham acted as contractor. He did most of the construction work himself.[1]

Installation of the plumbing included attaching a lateral line from the residence to the city's public sewer main. He "got a backhoe, dug the trench, laid the pipe all the way up to the point that [the city] asked for it to be and at that point [the city] took over and connected it to the sewer." The lateral line was inspected by the city's Public Works Director, Bob Baldwin. It was attached to the public sewer main by personnel of the city's sewer department. The supervisor of that department, Mike Myers, supervised the

---

**1.** Scott Basham told the trial court, "Well the house in Cuba I set the forms for the foundation, I set the sub-floor, stood the walls, set the trusses, sheeted it, roofed it, sided it, put the windows in, put the plumbing in, wired it, installed the cabinets. I had someone else lay the carpet and linoleum."

attachment of the lateral line to the sewer main.

On December 2, 2002, after the house was completed, Angela Basham discovered sewage backed up into the residence through its shower and toilets. The house had been unoccupied since its completion.

Bob Baldwin was contacted. He, Mike Myers, and another sewer department employee went to the property to investigate the problem. They checked the standpipe from the lateral line and the manhole to the sewer main but found no evidence that a backup had occurred. They followed the city's standard procedures for investigating a backup. This included running a hydraulic cutter through the sewer main and using a camera to visually inspect the lateral line. There was no evidence of blockage, damage to, or malfunction of the main, or any other cause for the sewage backup.

The city received no other reports of backups or other problems with the sewer system in the vicinity of plaintiffs' property. There had been no previous sewer backups at plaintiffs' property nor were there any after.

The trial court made the following conclusions of law in entering judgment for the city.

A. Inverse condemnation is the exclusive and proper remedy for an alleged nuisance or other damage caused to private property by an entity having the power of eminent domain. *George Ward Builders, Inc. v. City of Lee's Summit,* 157 S.W.3d 644, 650 (Mo.App. W.D.2004); *Byrom v. Little Blue Valley Sewer District,* 16 S.W.3d 573 (Mo.banc 2000). Plaintiffs [sic] claims against the [city] contained in Count I alleging "Temporary Nuisance" are void, because under Missouri Supreme Court precedent, no cause of action for nuisance exists against municipalities with condemning authority. *George Ward Builders, Inc.,* 157 S.W.3d 644, 648 (Mo. App. W.D.2004).

B. Any purported allegations of negligence on the part of the [city], including any claims via the theory of *res ipsa loquitor,* exceed both the scope of the pleadings and the evidence in this matter. In addition, there is no evidence to support said claims.

C. There is no evidence that the [city] did anything to cause the backup, nor is there any evidence that the [city's] main was defective, broken, damaged, in need or repair, or improperly maintained. There had never been any backups with this portion of the sanitary sewer mains prior to this incident and none since. Furthermore, there was nothing the [city] could have done to predict or prevent the backup.

D. The existence of a public sewer system, in and of itself, does not establish a nuisance. *Scantlin v. City of Pevely,* 741 S.W.2d 48, 50 (Mo.App. E.D. 1987). Nor is there strict liability for every damage caused by a public sewer or drainage system. See *Bettinger v. City of Springfield,* 158 S.W.3d 814, 820 (Mo.App. S.D.2005).

E. The cases in Missouri where a municipality has been held liable because of damages resulting from a sewer backup involved negligence or inaction by the entity, and did not assert a claim under [i]nverse [c]ondemnation.

■ Plaintiffs' first point on appeal argues that the trial court erred in entering judgment for the city on plaintiffs' count for inverse condemnation (Count II) "because sewage under [the city's] sole control backed up into [plaintiffs'] property which interfered with their property rights, thereby constituting a taking and it was not necessary for [plaintiffs] to show negli-

gence on the part of [the city] to prove nuisance." As this court understands Point I, plaintiffs are challenging the appropriateness of the trial court's references to negligence in its conclusions of law insofar as the references are directed to Count II of plaintiffs' action, the inverse condemnation claim.

■ In considering Point I, this court is mindful, as explained in *Business Men's Assur. Co. of America v. Graham,* 984 S.W.2d 501, 506 (Mo.banc 1999), that "[t]he appellate court is primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result." *Also see, Blue Ridge Bank & Trust Co. v. Trosen,* 221 S.W.3d 451, 457 (Mo.App.2007); *Cabool State Bank v. Radio Shack, Inc.,* 65 S.W.3d 613, 614–15 (Mo.App.2002). "Thus, the judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Business Men's Assur. Co. v. Graham, supra.*

■ Inverse condemnation is the exclusive remedy when private property is damaged by a nuisance operated by an entity having the power of eminent domain. *Byrom v. Little Blue Valley Sewer Dist.,* 16 S.W.3d 573, 577 (Mo.banc 2000); *Heins Implement Co. v. Missouri Highway & Transp. Com'n,* 859 S.W.2d 681, 693 (Mo. banc 1993). Thus, the issue for determination in ascertaining if the trial court's judgment will be affirmed is whether plaintiffs' property was damaged by a nuisance operated by the city, the city being an entity having the power of eminent domain. *See Heins, supra.*

■ "Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his [or her] property. The focus is defendant's unrea-

sonable interference with the use of and enjoyment of [another's] land." *Byrom v. Little Blue Valley Sewer Dist., supra,* at 576. "Nuisance is an effect rather than a cause of tort liability and conduct antecedent to the interference may be irrelevant. Nuisance is a condition and does not depend on the degree of care used; it depends on the degree of danger existing with the best of care." *Frank v. Environmental Sanitation Management, Inc.,* 687 S.W.2d 876, 880 (Mo.banc 1985) (citations and footnote omitted). Essential elements that are required for recovery on the basis of nuisance are injury, damage, and causation. *See Fuchs v. Curran Carbonizing & Engineering Co.,* 279 S.W.2d 211, 217 (Mo. App.1955). The causation element of a nuisance claim is proven when it is shown that the use of the offending property was done in a manner that caused injury to the property of the one claiming damages. *Fletcher v. City of Independence,* 708 S.W.2d 158, 177 (Mo.App.1986).

■ The existence and operation of a public sewer system does not *per se* constitute a nuisance. *Fletcher* discussed the challenges faced by municipalities in operating a public sewer system by alluding to discussions by the Supreme Court of Oklahoma. The Oklahoma court explained that a municipality is not an insurer of its sewer system. *Fletcher* noted that a city would not be liable in damages on the basis of errors in judgment in such things as the needed size of drains or sewers to carry away sewage and surface waters. However, when it becomes evident after sewers and drains are constructed that they are inadequate to perform the functions contemplated, and when, after due notice of those shortcomings, a city fails to remedy the condition and continues to operate the system in the same manner as before so that it constitutes a nuisance, the city will be held liable. *See Fletcher,* 708

S.W.2d at 167, *quoting City of Ada v. Canoy*, 198 Okla. 206, 177 P.2d 89 (1947), as relied on in *City of Holdenville v. Griggs*, 411 P.2d 521, 524 (Okla.1966).

In this case, the city had no notice of any deficient condition in its sewer system. When the appropriate city departments were notified of the problem at plaintiffs' property, investigations failed to disclose any defect or shortcoming in the city's system that would have caused the problem. No other sewage backups were found in the area in which plaintiffs' property is located. Plaintiffs did not prove their loss was caused by shortcomings in the operation or design of the city's system; neither did plaintiffs show that the city had knowledge of any problem with the operation or maintenance of the sewer system that it could or should have corrected. Plaintiffs did not establish the element of causation.

The trial court's judgment for defendant was supported by substantial and credible evidence. There was no showing that the city maintained or operated its sewer system in an unreasonable, unusual, or unnatural manner so that it substantially impaired the rights of plaintiffs' use of their property. Plaintiffs failed to meet the burden of proof required to prove nuisance. Point I is denied.

As this court perceives Point II, it contends the trial court erred in entering judgment for the city on Count II, plaintiffs' inverse condemnation claim, in that the trial court misapplied the law in finding that a showing of something more than a discharge of sewage onto plaintiffs' property was required in order to recover in an action for inverse condemnation.

As discussed previously, plaintiffs' evidence disclosed no actions by the city that caused the damage to their property. Plaintiffs seek to hold the city liable without identifying any conduct by the city that caused the damages for which plaintiffs seek recovery. The mere existence of a city-owned sewer system does not constitute a nuisance. *Fletcher v. City of Independence, supra.* There was no evidence that the sewer system was operated in a manner so that it constituted a nuisance. Plaintiffs failed to meet their burden of proof. Point II is denied.

The judgment is affirmed.

BATES and SCOTT, JJ., concur.