Michael CHRIST, et al.,
Plaintiffs/Appellants,

v.

The METROPOLITAN ST. LOUIS SEWER DISTRICT, Defendant/Respondent.

No. ED 92123.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 2009.

710

Timothy A. Engelmeyer, Chesterfield, MO, for appellant.

Larry D. Hale, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Michael and Leslie Christ ("plaintiffs") appeal the judgment of the trial court granting summary judgment in favor of the Metropolitan St. Louis Sewer District ("MSD"). Plaintiffs argue the trial court erroneously required evidence of elements of notice and duty in plaintiffs' inverse condemnation action. In addition, plaintiffs claim the trial court erroneously ruled that the undisputed facts showed heavy rain caused the alleged inverse condemnation. Finding no error, we affirm

Plaintiffs filed a petition against MSD alleging inverse condemnation, nuisance, and negligence. Plaintiffs claimed MSD allowed the sewer system to become blocked. The blocked main allegedly resulted in the backup of contaminated water into plaintiffs' residence, causing damage. Plaintiffs subsequently voluntarily dismissed their claims of nuisance and negligence without prejudice. They filed a first amended petition asserting only the claim of inverse condemnation against MSD. Plaintiffs and MSD each filed motions for summary judgment, and the trial court entered judgment denying plaintiffs' motion and granting summary judgment in favor of MSD. Plaintiffs appeal.

We will affirm the judgment of the trial court granting summary judgment if there are no genuine issues of material fact and the movant was entitled to judgment as a matter of law. *Crede v. City of Oak Grove*, 979 S.W.2d 529, 531 (Mo.App.1998). Our review of the propriety of summary judgment is *de novo*. *Id.* We review the record in the light most favorable to the party against whom summary judgment was entered, and we give them the benefit of all reasonable inferences that may be drawn from the evidence. *Id.*

In their first point on appeal plaintiffs claim the trial court erred in granting summary judgment in favor of MSD because the court incorrectly interpreted the law by requiring notice and duty when such elements are not required for a claim of inverse condemnation under the law in Missouri.

"Inverse condemnation is the exclusive remedy when private property is damaged by a nuisance operated by an entity having the power of eminent domain." *Basham v. City of Cuba*, 257 S.W.3d 650, 653 (Mo.App.2008) (citing *Byrom v. Little Blue Valley Sewer Dist.*, 16 S.W.3d 573, 577 (Mo. banc 2000); and *Heins Implement Co. v. Missouri Highway & Transp. Com'n*, 859 S.W.2d 681, 693 (Mo. banc 1993). Thus the issue in the present case is whether plaintiffs' property was damaged by a nuisance operated by MSD. *Id.* "Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his [or her] property." *Id.* (quoting *Byrom*, 16 S.W.3d at 576. The focus is on the unreasonable interference with the use of and enjoyment of another's property, and the condition of nuisance does not depend on the degree of care used. *Id.* Injury, damage, and causa-

tion are essential elements required for recovery on the basis of nuisance. *Id.*

Here, the trial court concluded there were no facts presented to show MSD had notice of a defective or inadequate sewer for plaintiff's property or any surrounding property. Based upon the holding in *Basham v. City of Cuba*, 257 S.W.3d 650 (Mo. App.2008), the trial court concluded that without such notice to give rise to a duty for MSD to correct the defect, plaintiffs had no claim for inverse condemnation.

The court in *Basham* considered a similar case to the one we are facing on appeal. Sewage backed up into the Bashams' residence. The public works director for the City of Cuba was notified, and he and employees of the sewer department investigated the issue. They found no evidence of any blockage, damage, or malfunction that would have caused the sewage backup. The trial court entered judgment for the city, and the Bashams appealed. They argued the trial court erred in entering judgment for the city on their claim of inverse condemnation. In affirming the trial court's judgment, the court of appeals noted that "[t]he existence and operation of a public sewer system does not *per se* constitute a nuisance." *Basham*, 257 S.W.3d at 653. However, if it becomes apparent the sewers and drains are inadequate, and after notice of these issues the city fails to remedy the condition and continues to operate the system in the same manner as before as to constitute a nuisance, the city will be liable. *Id.* (citing *Fletcher v. City of Independence*, 708 S.W.2d 158, 177 (Mo.App.1986). In *Basham*, the court found the city had no notice of any deficient condition in its sewer system. *Id.* at 654. The court concluded the Bashams failed to prove their loss was caused by "shortcomings in the operation or design of the city's system; neither did [the Bashams] show that the city had

knowledge of any problem with the operation or maintenance of the sewer system that it could or should have corrected." *Id.* As a result, the court held the Bashams failed to establish the element of causation and affirmed the judgment in favor of the city. *Id.*

Although here, unlike in *Basham*, a blockage was discovered, there was no evidence in the summary judgment record to show MSD failed to remedy the condition after it was provided notice of the issue. Instead, the undisputed summary judgment facts show that after the Christs experienced a backup of water in their residence, they contacted MSD. MSD crews inspected the storm sewer and discovered a blockage. According to the testimony of Rob Segar, an employee of MSD, the crew removed the debris. Ultimately, Segar testified the blockage was a factor in the sewage backup because with the storm sewer blocked it would not have functioned properly which would result in increased inflow into the sanitary sewer system. However, he also attributed the backup to the rainfall from the storms at the time and the age of the sewer itself, not to the blockage alone.

■■ The fact that MSD owns and operates a public sewer system does not alone constitute a nuisance. *Basham*, 257 S.W.3d at 653. Instead, there must be evidence that MSD was provided with notice of inadequacy of the sewer and subsequently failed to remedy the condition. *Id.* No such evidence was presented in this case. Thus, as in *Basham*, there was no evidence that MSD had knowledge of a problem prior to the back-up that MSD could or should have remedied. Therefore, plaintiffs could not prove the element of causation and recover on their claim for inverse condemnation and MSD was entitled to summary judgment.

■■ In addition, the summary judgment evidence shows the blockage was caused in part by an unauthorized private lateral sewer line which was going through the center of the storm sewer. While MSD does maintain the public sanitary and storm sewers that serve plaintiffs' neighborhood, it does not maintain private lateral lines. The record reflects these lines were likely installed at the time the homes were constructed, and it is the homeowner's responsibility to remove the unauthorized private connections. Similarly, the court in *Harvard Properties, LLC v. City of Springfield*, 262 S.W.3d 278 (Mo.App.2008), considered a claim of inverse condemnation based upon sewage backups caused by an improperly installed private lateral line. The court concluded that where a private lateral line is improperly installed and results in a backup, no claim for inverse condemnation exists because there is no evidence the city had knowledge of the issue or a duty to correct it. *Id.* at 283–284. The court in *Harvard Properties, LLC* noted that accepting an argument based upon the city's failure to maintain private lines would in effect "require the City to become an insurer of the proper installation and operation of a lateral line that is not the City's responsibility or under its control." *Id.* at 284. As in *Harvard Properties, LLC*, here plaintiffs cannot sustain a claim of inverse condemnation against MSD based upon the alleged improper installation of a private lateral line.

■ Moreover, plaintiffs argue the failure to maintain and inspect the sewer system exposes MSD to liability for inverse condemnation. Essentially plaintiffs' argument is based upon the alleged "inaction" of MSD in failing to have an inspection program in place. However, Missouri courts have indicated that absent an affirmative act, plaintiffs cannot sustain an action for inverse condemnation. Specifically, in *State ex rel. City of Blue Springs v. Nixon*, 250 S.W.3d 365, 372 (Mo. banc 2008), the Missouri Supreme Court cited *Ressel v. Scott County*, 927 S.W.2d 518, 521 (Mo.App.1996) and noted *Ressel* suggested there is no liability absent an affirmative act. The court in *State ex rel. City of Blue Springs*, also referred to several cases cited in the *Ressel* opinion in which the court had rejected claims based upon the rationale that a municipality had not undertaken any affirmative conduct to cause an injury, but had merely failed to alleviate the injury. *Id.* at 372. In *State ex rel. City of Blue Springs*, the plaintiffs argued the city should not approve plats of developers which insufficiently provide for drainage of storm water runoff. The court concluded that as a general proposition cities should not approve plats unless the developers prevent rainwater from running onto other property; however, the plaintiffs failed to cite any authority for a claim of inverse condemnation based upon the city's decision to approve such plats. *Id.* The court noted, "[a] failure to meet aspirational goals does not result in liability." *Id.* Here, MSD did not commit any affirmative act upon which liability could be based. As in *State ex rel. City of Blue Springs*, MSD cannot be held liable for inverse condemnation for issues based upon an alleged failure to prospectively maintain or inspect the sewers.

In their second and final point, plaintiffs argue the trial court erred in granting summary judgment in favor of MSD because it incorrectly ruled that heavy rain caused the backup of contaminated water into plaintiffs' residence. According to plaintiffs, a combination of factors led to the backup of water, including heavy rain and the clogged sewer main.

Because we conclude MSD was entitled to summary judgment based upon *Basham*

in our analysis of point one on appeal, we need not consider this argument on appeal. Point denied.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ., concur.